[No. 7,177.—Department One.]

R. G. LEWIS ET AL. v. A. K. KELTON ET UX.

STATEMENT ON MOTION FOR NEW TRIAL—SPECIFICATIONS—CONVEYED—DEFINITION.—A finding that K. and wife conveyed the premises necessarily includes a finding of an acknowledgment and of every fact essential to such conveyance.

APPEAL by the plaintiffs from an order granting the defendants a new trial in the Superior Court of Alameda County. CRANE, J.

Action of ejectment. It appeared that the title of the land in controversy was on the 27th of June, 1866, in the defendant Kelton, who on that day filed a declaration of homestead upon the land, which it was admitted had never been abandoned unless by a deed referred to in the transcript as the deed of the two defendants to S. F. Lewis (the plaintiffs' ancestor). The Court found "that on the 13th day of February, 1867, the defendants conveyed to S. F. Lewis, deceased, the premises described in plaintiffs' complaint."

*Gray & Haven,* for Appellants.

The Court found the ultimate fact and that was sufficient. (*Smith* v. *Acker,* 52 Cal. 219; *Coveny* v. *Hale,* 49 id. 552.)

*Moses G. Cobb*, for Respondent.

ROSS, J.:

This cause was tried in the late Third District Court, County of Alameda, and resulted in a judgment for the plaintiffs. The defendants made a motion for a new trial, based on a statement of the case. The motion was heard before the Superior Court of that county, and resulted in the entry of an order granting a new trial, on the ground that the disputed premises constituted the homestead of the defendants, and that the statement did not show that the deed from them to S. S. Lewis (the plaintiffs' predecessor) was ever acknowledged by the grantors as required by the statute. But the learned Judge who granted the motion overlooked the fact that the trial Court found that the deed to Lewis *conveyed* the premises, and that this finding was not attacked by the moving parties in their specifications of error, even as permitted to be amended.

The finding that the deed conveyed the premises necessarily included a finding of every fact essential to such conveyance. As this finding of the Court was not assailed, it was not necessary for the statement to contain the evidence in support of it.

Order granting a new trial reversed.

MCKINSTRY, J., and MCKEE, J., concurred.