[L. A. No. 683.   Department One.—September 11, 1899.]

GEORGE P. YOAKAM, Appellant, v. SAMUEL H. KING-
ERY et al., Respondents.

Husband and Wife—Contract—Change of Separate Estate to
   Community Property.—In this state, a husband and wife
   may, by contract between them, alter their relations as to prop-
   erty; and they may by a valid agreement transmute their sepa-
   rate estate into community property.

Id.—Conveyance to Husband and Wife — Presumption as to
   Separate Estate—Transmuting Agreement — Survivorship
   of Husband.—Real property purchased with the separate estate
   of the husband, and conveyed to the husband and wife jointly,
   is presumed, under section 164 of the Civil Code, to be the sepa-
   rate property of each, as tenants in common; but a valid agree-
   ment between them that it is community property transmutes
   the estate into community property, and, upon the death of the
   wife, the title to the whole property is vested in the husband
   as the survivor of the community.

Id.—Finding as to Agreement — Construction — Written Con-
   tract.—A finding that the husband and wife agreed that the
   property standing in the name of either of them was community
   property, imports that the agreement between them was a valid
   written contract, duly executed.

Id.—Foreclosure of Mortgage to Husband and Wife—Trust—
   Action to Quiet Title.—Where a mortgage made to the hus-
   band and wife jointly was foreclosed by the husband and the
   wife's administrator, as coplaintiffs, and the title under fore-
   closure was taken in trust for the benefit of the husband and
   of the wife's estate according to their respective interests in the
   decree, by one who afterward became administrator of the
   wife's estate, the husband cannot maintain an action to quiet
   title against the trustee, either individually or as administrator
   of the wife's estate.

Id.—Claim of Separate Property.—The fact that the consider-
   ation for the note was advanced out of the separate property of
   the husband cannot entitle him to maintain a suit to quiet title
   against the trustee individually or as administrator of the wife's
   estate, it appearing that the estate of the wife has an interest
   in the decree at least to the amount of the expenditure made
   as coplaintiff in procuring it.

APPEAL from a judgment of the Superior Court of Los
Angeles County.   W. H. Clark, Judge.

The facts are stated in the opinion.

Clarence A. Miller, for Appellant.

Under the agreement of the parties, the husband took title to the whole property as community property. (Civ. Code, secs. 158-60; 3 Am. & Eng. Ency. of Law, 1st ed., 354, note 13.) The court should have determined the equitable interests of the husband and the wife's estate in the ten-acre tract, the naked legal title being in neither of them, but in a third person. (*Tuffree v. Polhemus*, 108 Cal. 676.) The statute (Code Civ. Proc., sec. 738) enlarges the class of cases in which actions to quiet title can be brought. (*Smith v. Brannan*, 13 Cal. 114; *Pierce v. Felter*, 53 Cal. 19; *Orr v. Stewart*, 67 Cal. 277; *Wilson v. Madison*, 55 Cal. 7; *Pioneer Land Co. v. Maddux*, 109 Cal. 641; 50 Am. St. Rep. 67; *Pennie v. Hildreth*, 81 Cal. 130.)

Flint & Barker, for Respondents.

An action to quiet title cannot be maintained by one having an equitable title against a defendant having the legal title. (*Learned v. Welton*, 40 Cal. 349; *Von Drachenfels v. Doolittle*, 77 Cal. 295; *Harrigan v. Mowry*, 84 Cal. 457; *Shanahan v. Crampton*, 92 Cal. 9.) No written agreement appears to have been made which was essential to change the character of the separate estate to community property. (Code Civ. Proc., sec. 1971.)

BRITT, C.—This action, as it is presented on appeal, has for its object the quieting of plaintiff's title to sundry parcels of land situated in the county of Los Angeles. The plaintiff, George P. Yoakam, is the surviving husband of Emily R. Yoakam, who died March 22, 1893; and the main dispute in the case is whether at that time the said land was community property of plaintiff and his said wife, or was her separate estate. One McKinlay first received special letters of administration of the estate of said deceased, but was superseded in the administration by the defendant Kingery upon the appointment of the latter as administrator with the will annexed in October, 1895. As to one of the parcels of land affected, the action is against Kingery both individually and as administrator aforesaid; as to the others, it is against him as administrator only. In his representative capacity he is sued pro-

fessedly under section 1582 of the Code of Civil Procedure, as amended in the year 1895, providing that an action to quiet the title to property, or to determine an adverse claim thereon, may be maintained "by and against executors and administrators in all cases in which the same might have been maintained by or against their respective testators or intestates." (Stats. 1895, p. 80.) No question is raised as to misjoinder of parties defendant or of causes of action; nor whether the action is within said amendment of section 1582. The case was submitted for decision upon an agreed statement of facts; the court adopted this statement bodily as findings of fact in the case, and made some additional findings which seem to be chiefly of the character of deductions from the facts stipulated and found; the judgment was that plaintiff take nothing, and that his complaint be dismissed.

1. Among the facts found as aforesaid, it appears that on or about February 10, 1891, said George P. Yoakam and his wife, the said Emily, agreed with each other that all property (with an immaterial exception) "then standing in the name" of either of them was community property; and that thereupon they made divers arrangements between themselves—not necessary to be detailed here—founded on the assumption that such agreement was effective. Within the scope of this agreement was a certain lot 15 in the Longstreet tract in the city of Los Angeles, more particularly described in the findings, which lot was conveyed by deed on said February 10, 1891, to Yoakam and wife upon a consideration rendered wholly from the separate property of the husband. Under the amendment to section 164 of the Civil Code then in force (Stats. 1889, p. 328) the presumption arising upon the face of this deed is that the grantees took the land as tenants in common, each one-half as his or her separate estate; but the court below was of opinion that Mrs. Yoakam took the legal title to her half-interest subject to a resulting trust in favor of her husband, because the whole consideration had moved from him; and hence it seems the court concluded that plaintiff can have no relief in this action as to the undivided half of the lot standing in the name of his wife, for the reason that, as the holder of but an equity therein, he cannot maintain an action such as the present against the

representative of the legal title. This conclusion would probably be correct but for the agreement aforesaid that the land was community property, which, if valid, had the effect upon the death of Mrs. Yoakam to vest the whole title in her husband, as survivor of the marital community. (Civ. Code, sec. 1401.)

Husband and wife may, by contract with each other, "alter their legal relations as to property" (Civ. Code, secs. 158, 159); and we see no reason to doubt that the contract of Yoakam and wife was sufficient to transmute the separate estate of either of them into community property, if it was properly executed. Counsel for defendant maintain, however, that such contract rested in parol, whereas a change so radical in the character of the estate in the land could be effected by writing only. But it is to be inferred from the record that the agreement of Yoakam and wife was a written contract and duly executed; the finding is that they "agreed" that the property standing in the name of either of them was community property. In *McDonald v. Mission etc. Homestead Assn.*, 51 Cal. 210, a finding that a contract to sell real estate had been made was held to import that it had been made in writing; and the decision in *Lewis v. Kelton*, 58 Cal. 303, was to very similar effect. We must hold that the finding here of the agreement between plaintiff and his wife means a valid and effectual agreement—not one invalid or void. It follows that said lot 15 became community property as they intended, and plaintiff is now the owner of the whole thereof absolutely. The title to some other parcels in dispute—lot 24 of block U in West Los Angeles, and lots 53, 54, and 55 of the Kenwood Park tract—is in a situation not materially different from that of said lot 15; and for the reasons stated the plaintiff appears to be the owner of those lots also.

2. A certain tract containing ten acres was covered by a mortgage held by Yoakam and wife, at the time of the death of the latter, as security for a promissory note payable to them jointly. The consideration for such note appears to have been advanced out of the separate property of Mr. Yoakam. Subsequently, Yoakam and McKinlay, the special administrator, obtained a judgment or decree in an action for the foreclosure of said

mortgage, under which a sale of the premises was made for the satisfaction of the mortgage debt. At that time Kingery had not been appointed administrator, and he became the nominal purchaser at such sale, and received the sheriff's deed for the property, pursuant to an agreement with McKinlay and Yoakam, whereby he, Kingery, undertook to hold the title in trust for Yoakam and McKinlay "in such proportions between them as they may determine, or as may be determined for them by law based upon their respective interests in the said decree of fore-closure." Both Yoakam and McKinlay, as special adminis-trator, made various advances for costs, expenses, and attorneys' fees in the suit which resulted in said decree, the amounts of which expenditures seem to be yet unascertained.

The findings are in some respects obscure on the subject of this ten-acre piece of land; we have not attempted even an abstract of all of them; but as we understand the terms of the trust on which Kingery, in his individual character, holds the title, the beneficial interest of plaintiff therein is measured by his interest in the decree of foreclosure; but Kingery also, as ad-ministrator, successor of McKinlay, has an interest in the decree to the amount at least of the expense paid by McKinlay in pro-curing it. The findings contain no sufficient data to show the ex-tent of their respective rights in said decree, even if such matters could properly be determined in an action of this nature, and the court rightly refused to declare that Kingery, as administrator, has no interest in the land. And since he holds individually the legal title in trust, plaintiff could not maintain this action against him as trustee in any event. (*Shanahan v. Crampton,* 92 Cal. 9; *McDonald v. McCoy,* 121 Cal. 71.)

The judgment should be affirmed so far as it concerns the tract of land held by Kingery upon trust in his individual capacity; as to the other lands mentioned, the judgment should be reversed, with directions to the court below to render judg-ment quieting the title of plaintiff in those lands against all claims of Kingery as administrator.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed, so far as it concerns the tract of land held by King-

ery upon trust in his individual capacity; as to the other lands mentioned in said opinion, the judgment is reversed, with directions to the court below to render judgment quieting the title of plaintiff in those lands against all claims of Kingery as administrator.     Van Dyke, J., Harrison, J., Garoutte, J.