[S. F. Nos. 6642 and 6650.   Department One.—March 17, 1914.]

In the Matter of the Estate of ANNA ELIZABETH CATHERINA BERNARDINA KLUMPKE, Deceased. JOHN G. KLUMPKE, Executor, etc. and Petitioner, Respondent; HENRY TRENKAMP et al., Legatees and Devisees, Appellants in No. 6642; FRANK BERGSEN, Legatee and Appellant in No. 6650.

HOMESTEAD—SETTING APART BY PROBATE COURT—SEPARATE PROPERTY OF PETITIONER.—The superior court sitting in probate has no jurisdiction to set apart property as a homestead where the petition alleges that the property involved is the separate property of the petitioner.

ID.—JURISDICTION OF PROBATE COURT—DETERMINATION OF TITLE.—In a proceeding to set apart a probate homestead the court deals only with the property of the estate, and it has no jurisdiction to determine the title to the property, or the validity of any claim of title adverse to that of the estate. Such proceeding cannot be employed to obtain a decree of the probate court adjudicating the claim of the petitioner that the property was his separate property and consequently not a part of the estate of the deceased, a matter not within the jurisdiction of the court in probate.

ID.—COMMUNITY PROPERTY—DEATH OF WIFE—SETTING APART AS HOMESTEAD.—Community property is not, on the death of the wife, a part of her estate, and in the administration of her estate, the probate court has no jurisdiction to set apart such property absolutely to the surviving husband as a homestead.

ID.—SURVIVING HUSBAND—NATURE OF RIGHTS IN COMMUNITY PROPERTY
—POWER OF PROBATE COURT.—Upon the death of the wife the sur-
viving husband does not take the community property by succession,
but he holds it all from the moment of her death as though acquired
by himself. Under section 1401 of the Civil Code, the surviving
husband is, without administration, the absolute owner of all the
community property from the moment of the death of his wife. It
never belongs to the estate of the deceased wife. With reference
to the power of the court in probate to deal with it in the matter
of the wife's estate, it is in the same situation as the separate prop-
erty of the surviving husband, entirely beyond the jurisdiction of
such court.

ID.—HOMESTEAD—SETTING APART TO HUSBAND FROM COMMUNITY PROP-
ERTY.—The provision of section 1465 of the Code of Civil Procedure,
as to the setting apart of a homestead from the common property,
can be read only as meaning such common property as is a part
of the estate under administration and consequently within the juris-
diction of the court in probate, as in case of the estate of a deceased
husband leaving community property. It does not authorize the
probate court to set aside community property as a homestead to
the surviving husband.

ID.—SEPARATE PROPERTY—EFFECT OF SETTING APART AS HOMESTEAD TO
HUSBAND.—If property set aside in probate to a surviving husband
was in fact separate property of the wife, that fact can be shown
in any collateral proceeding, with the result that the order of the
court in probate could have accomplished no other result than to
withdraw the property from administration in the matter of the
estate of the wife and to that extent relieve the executor from the
necessity of accounting therefor.

ID.—COMMUNITY PROPERTY—EFFECT OF SETTING APART AS HOMESTEAD
TO HUSBAND.—The probate court is without power to affect the abso-
lute title to community property vested in the husband at the moment
of the wife's death, and an order setting the property apart as a
homestead is not essential to the title of the husband and has no
other effect than to withdraw it from further consideration by such
court, and relieve the executor or administrator from further obliga-
tion in regard thereto.

ID.—CLAIM ADVERSE TO ESTATE—ASSERTION THAT PROPERTY IS COMMU-
NITY.—A surviving husband claiming that certain property was com-
munity property up to the time of the death of his wife is thereby
asserting a claim of title adverse to that of the estate of his wife,
which cannot be determined by the court in probate.

ID.—HOMESTEAD—SETTING APART TO HUSBAND—JURISDICTION OF COURT.
The superior court sitting in probate has no power under section
1465 of the Code of Civil Procedure, in an administration upon the
estate of a wife, to select and set apart a homestead to the surviving

husband out of what was community property of the spouses, where no homestead was selected during their lives, or to select and set apart such a homestead from any property other than the separate property of the wife.

ID.—HUSBAND AND WIFE—CONVEYANCE FROM HIM TO HER AMOUNTING TO GIFT.—The execution and delivery of a grant, bargain, and sale deed by a husband to his wife of his separate property for an expressed consideration of ten dollars, constitutes a gift to the wife, where no consideration is in fact paid, although the property thereafter continued to be occupied as the family residence and the husband paid the taxes and expenses of repairs, and hence the property becomes her separate property.

ID.—CONVEYANCE BETWEEN HUSBAND AND WIFE—PRESUMPTION AS TO COMMUNITY PROPERTY.—The presumption of section 164 of the Civil Code, as it existed prior to 1889, that property conveyed to either husband or wife after their marriage, other than as a gift, was community property, is inapplicable to conveyances between themselves.

APPEALS from an order of the Superior Court of the City and County of San Francisco setting apart a probate homestead. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

McCutchen, Olney & Willard, J. M. Mannon, Jr., Wm. Loewy, and Walter Loewy, for Appellants Henry Trenkamp et al.

McGowan & Westlake, for Appellant Frank Bergsen.

Robert H. Countryman, and George H. Cavalier, for Respondent, Petitioner.

ANGELLOTTI, J.—Over ten years after the death of deceased and the admission of her last will to probate, her surviving husband, John G. Klumpke, the executor of her will, filed his petition in the matter of her estate asking that certain property inventoried as a part of her estate, the same being a fifty vara lot valued at thirty-two thousand five hundred dollars, be selected and set apart to him as a homestead. The application was opposed by certain devisees and legatees of deceased. The court made an order setting apart as a homestead the whole of said property in fee simple absolute to the petitioner. We have here two appeals from such order, one by

certain devisees and legatees who appeared in the court below, upon the record and a bill of exceptions; the other by a single devisee and legatee, who did not appear in the proceedings in the court below.

The petition for the setting apart of the property as a homestead, which was drawn by an attorney other than the one now appearing for petitioner, clearly proceeded upon the theory that the property was and always had been the separate property of the petitioner. Of course, it is obvious that if this was the situation, the property was no part of the estate of the deceased, "and the court sitting in probate had no jurisdiction over it and could not deal with it as belonging to the estate," by setting it apart as a homestead or otherwise. (See *Saddlemire* v. *Stockton etc. Society,* 144 Cal. 650, [79 Pac. 381]. See, also, *Lord* v. *Lord,* 65 Cal. 86, [3 Pac. 96].) A finding that the house and lot were separate property of the petitioner would not have justified the order setting apart a homestead. "In making such order, the court is dealing only with the property of the estate. It has no jurisdiction in a proceeding of this character, to determine the title to the property, or the validity of any claim of title adverse to that of the estate." (*Estate of Niccolls,* 164 Cal. 368, 373, [129 Pac. 278].) The allegations of the petition here are clear and unambiguous to the effect that the property was at all times the separate property of petitioner. A petition therefor was essential to the setting apart of a homestead by the court in probate, under the law as it now is and as it was at the time this proceeding was instituted. (Code Civ. Proc., sec. 1465.) It is claimed that the petition by reason of its allegations in this behalf, affirmatively showed that the petitioner was not entitled to the order he sought. It is clear that the petition did not state a case warranting any action by the court in the way of setting apart a homestead. Tested by its allegations, the proceeding was manifestly simply one to obtain a decree of the probate court adjudicating the claim of petitioner that the property was his separate property and consequently not a part of the estate of deceased, a matter not within the jurisdiction of the court in probate. We do not however deem it necessary to decide the effect on the subsequent proceedings of this condition of the petition.

Those opposing the petition in the lower court denied by their answers the allegations of the petition as to the ownership of the property and alleged that all of the same was the separate property of the deceased. There was no claim in any of the pleadings that the property or any part thereof was community property of the spouses—no issue upon that question.

The court below however expressly found that said property never became or was the separate property of deceased, in whole or in part, but that all thereof was, from February 11, 1889, to the death of deceased, community property of the husband and wife. Upon the theory that it was such community property, the court set it apart to the husband absolutely, instead of for a limited period only as it would have been obliged to do if the property was the separate property of the deceased wife. (Code Civ. Proc., sec. 1468.) Petitioner seeks to justify the order here, upon the theory that the finding that the property was in fact community property is sufficiently supported by the evidence.

Appellants claim that the property was shown without conflict to be the separate property of deceased, and that the findings to the contrary are without sufficient support in the evidence.

Appellants also claim that in view of the finding that the property was not the separate property of deceased, the order setting it apart as a homestead must be reversed, the theory being that it necessarily follows from such a conclusion that the property was no part of the estate of the deceased wife, and therefore in no way subject to the jurisdiction of the court in probate. It is clear in view of our statutes and the decisions thereunder that if the property was community property it was not a part of the estate of the deceased. Section 1401 of the Civil Code, in so far as is material here, provides as follows: "Upon the death of the wife, the entire community property, without administration, belongs to the surviving husband." The decisions under this section are uniform to the effect that the husband does not take the community property upon the death of the wife by succession, but that he holds it all from the moment of her death as though acquired by himself. (See *In re Rowland*, 74 Cal. 523, 525, [5 Am. St. Rep. 464, 16 Pac. 315].) Over and over again

this court has declared that under this section, the surviving husband is, without administration, the absolute owner of all the community property from the moment of the death of his wife. It never belongs to the estate of the deceased wife. With reference to the power of the court in probate to deal with it in the matter of the wife's estate, it would appear then to be in the same situation as the separate property of the surviving husband, entirely beyond the jurisdiction of such court. The claim of learned counsel for petitioner that the court in probate may set it apart as a homestead to the surviving husband is based upon certain language used in section 1465 of the Code of Civil Procedure, a section stating the circumstances under and the manner in which a homestead may be set apart. Read in connection with the substantive law applicable, we are satisfied that the section cannot fairly be given the construction claimed for it by petitioner. The provision therein as to the setting apart of a homestead from the common property can be read only as meaning such common property as is a part of the estate under administration and consequently within the jurisdiction of the court in probate, as in case of the estate of a deceased husband leaving community property. Of course, as shown by the quotation we have made from the *Estate of Niccolls,* 164 Cal. 368, [129 Pac. 278], the order here appealed from could not be anywhere given the effect of determining in any degree the question whether the property was in fact community property of the spouses and that it therefore was the sole property of the husband from the moment of the wife's death. If it was in fact separate property of the wife, that fact could be shown in any collateral proceeding, with the result that the order of the court in probate could have accomplished no other result than to withdraw the property from administration in the matter of the estate of the wife and to that extent relieve the executor from the necessity of accounting therefor. This has always been held to be the situation with reference to a homestead selected and recorded from the community property during the lifetime of the parties, or from the separate property of the person selecting or joining in the execution of the same, although section 1465 of the Code of Civil Procedure, in terms provides for the setting apart of the same to the survivor by the court in probate. Under the provisions

of section 1474 of the Code of Civil Procedure, such a homestead "vests, on the death of the husband or wife, absolutely in the survivor," and never is in fact a part of the estate of the deceased wife where her husband survives her. In such a case the court in probate is without power to affect the absolute title vested in the husband at the moment of the wife's death, and the order setting the property apart as a homestead is not essential to the title of the husband and has no other effect than is stated above, viz.: to withdraw it from further consideration by such court, and relieve the executor or administrator from further obligation in regard thereto. (See *Saddlemire* v. *Stockton Sav. etc. Soc.*, 144 Cal. 653, [79 Pac. 381]; *Estate of Fath*, 132 Cal. 609, [64 Pac. 995]; *Hart* v. *Taber*, 161 Cal. 20, [118 Pac. 252]; *In re Ackerman*, 80 Cal. 208, [13 Am. St. Rep. 116, 22 Pac. 141]; *Bollinger* v. *Manning*, 79 Cal. 7, [21 Pac. 375]; *Estate of Shirey*, (L. A. No. 3510), *ante*, p. 193, [138 Pac. 994].) The situation here is analogous to that considered in these decisions. A surviving husband claiming that certain property was community property up to the time of the death of his wife is thereby asserting a claim of title adverse to that of the estate of his wife, which cannot be determined by the court in probate. So that under no circumstances can the order appealed from be held to effectually determine as against the devisees and legatees under the will of deceased that the property was in fact community property. The question here involved was not involved in *Estate of Lahiff*, 86 Cal. 151, [24 Pac. 850], where the property was the separate property of the deceased wife, and it was not suggested to the court or discussed in *Estate of Geary*, 146 Cal. 105, [79 Pac. 855]. As already said, we do not think that section 1465 of the Code of Civil Procedure, should be read as purporting to empower the court in probate, in an administration upon the estate of the wife, to select and set apart a homestead to the surviving husband out of what was community property of the spouses where no homestead was selected during their lives, or to select and set apart such a homestead from any property other than the separate property of the deceased wife. The finding being that none of the property was separate property of the deceased wife, but that all thereof was in fact community property, appears then to leave the order without support in the findings.

It is further claimed by the appellant that the finding that the property was not the separate property of deceased, but was wholly community property, is without sufficient support in the evidence. We are of the opinion that this claim is well based. The only evidence that can reasonably be claimed by petitioner to be material to his contention was substantially as follows: Petitioner owned the property at the time of his marriage. It continued to be his separate property to February 11, 1889. On that date he granted the same to deceased, then his wife, the instrument being in form an ordinary grant, bargain, and sale deed, with an expressed consideration of ten dollars. No consideration was in fact paid, and, so far as appears, none was contemplated. This was testified to by petitioner himself. Deceased died in November, 1902, without having parted with the title. Petitioner and his wife resided on the property at the time of the deed and thereafter to her death. Petitioner to the time of his wife's death always paid all taxes on the property and also paid for all repairs. We are unable to see that the mere fact that the property was from the date of the deed occupied as the family residence and that petitioner paid taxes and the expenses of repairs is of any importance whatever in determining the question presented. So that the question really presented is as to the conclusion to be drawn in the absence of all other evidence, from the showing of the execution and delivery of a grant, bargain, and sale deed by the husband to his wife of his separate property, for an expressed consideration of ten dollars, no consideration being in fact paid, or, so far as shown, being contemplated. It appears to us that the only reasonable inference from such a showing, in the absence of any other material evidence, is that the husband was making a gift of the property to his wife. If this be so, of course the property became and continued to be the latter's separate property, section 162 of the Civil Code providing that "all property of the wife, owned by her before marriage, and that acquired afterwards by gift, bequest, devise, or descent, . . . is her separate property." Section 164 of the Civil Code as it was prior to March, 1889, relied on by petitioner, would in such event have no application whatever, being limited to "all other property acquired after marriage by either husband or wife" etc., i. e., property not acquired by gift, etc.

Learned counsel for petitioner relies strongly on section 164 of the Civil Code as it existed prior to the amendment of March, 1889 [Stats. 1889, p. 328], as creating a presumption that this property became community property upon the execution and delivery of the deed by the husband to the wife. It is, of course, well settled that prior to the adoption of this amendment, the *prima facie* presumption was that property conveyed to either husband or wife after their marriage, other than as a gift, was community property. (See *Nilson* v. *Sarment,* 153 Cal. 524, 527, [126 Am. St. Rep. 91, 96 Pac. 315], and cases there cited.) But it has never been held that such a presumption arises in case of a conveyance by one of the spouses to the other. The basis of this presumption was the fact of purchase during coverture. As said in *Ramsdell* v. *Fuller,* 28 Cal. 37, 42, [87 Am. Dec. 103] : "A presumption arises from a conveyance to a married woman upon a money consideration that the property conveyed is common property. But this is only a presumption of law arising from the fact that a purchase has been made during coverture, and the real character of the transaction may be shown." As we have seen, the uncontradicted evidence of the petitioner himself is substantially that there was here no consideration for the conveyance to the wife, no *purchase* by her of this property. So that assuming the existence of the presumption relied on in such a case as this, the real character of the transaction is shown by the testimony given by petitioner. As to conveyances from the husband to the wife, this court has consistently expressed itself to the effect that no such presumption as is claimed arises from the mere conveyance. In *Taylor* v. *Opperman,* 79 Cal. 468, [21 Pac. 869], there was involved a deed from a husband to a wife of community property, for the expressed consideration of five hundred dollars. Recognizing the existence of the presumption of community property applicable in case of a deed from a stranger to the wife, the question involved is put thus: "Does the same presumption arise when the husband conveys to his wife?" The question was answered in the negative, the court saying, among other things, quoting approvingly from a Texas case: "There can be, in this case, no presumption, as in the case of a purchase from a stranger in the name of the wife, that funds of the community were employed in

making the purchase, and, therefore, it is community property." In *Carter* v. *McQuade*, 83 Cal. 274, [23 Pac. 348], there was involved a bill of sale from husband to wife, with an expressed consideration of five hundred and twelve dollars. It was said: "A husband may convey real or personal property to his wife, and whether the property conveyed be his separate property or community property, the presumption is that it thereby becomes and is thereafter to be treated as her separate property." In *Ions* v. *Harbison,* 112 Cal. 260, [44 Pac. 572], there was involved a deed made prior to the amendment of section 164 of the Civil Code by a husband to his wife of his separate property, for an expressed consideration of eight hundred and fifty dollars. It was said: "By the deed from Bell to his wife she presumptively became seized of the land as of her separate estate." In *Hamilton* v. *Hubbard,* 134 Cal. 603, [65 Pac. 321, 66 Pac. 860], it was substantially said that the presumption of community property cannot apply where the transaction was in effect a gift from the husband to the wife. It was said in the opinion: "Under our law, a husband may make a deed—whether of his own or community property—to his wife, and in such case it is well settled that, in the absence of evidence of a contrary intent, the deed will vest in her the land conveyed as her separate property." (See, also, *Alferitz* v. *Arrivillaga,* 143 Cal. 649, [77 Pac. 657].) In *Hammond* v. *McCullough,* 159 Cal. 693, [115 Pac. 216], the finding of community property had in its support, in addition to other evidence, evidence which "establishes clearly that the property was purchased and paid for out of community funds."

While husband and wife may by agreement transmute the separate property of one into community property (see *Yoakam* v. *Kingerly,* 126 Cal. 33, [58 Pac. 324]), we find nothing warranting the inference of such agreement in the facts we have recited. The presumption, in view of the decisions we have referred to, is that it was the intention to vest the property in the wife as her separate property, and it would be difficult indeed to infer from the language of the deed before us any intent to transmute the property into community property. And the other facts already referred to are not sufficient, in our opinion, to afford sufficient foundation for a finding that there was any such agreement.

We have in addition to these facts the statement of petitioner under oath, in his petition for the homestead, that there never was any community property of the said intermarriage, and that this particular property is and always has been his separate property.   (See *Estate of Hill* (S. F. No. 6308), *ante,* p. 59, [138 Pac. 690].)

It is unnecessary to discuss any other point made in the briefs.

The order appealed from is reversed.

Shaw, J., and Sloss, J., concurred.