[Civ. No. 13302. Second Dist., Div. Three. Mar. 6, 1942.]

CLARA N. COLDEN, Respondent, v. JOHN M. COSTELLO et al., Defendants; ABBEY BELL COLDEN ALEXANDER, Individually and as Executor, etc., et al., Appellants.

Stewart, Shaw & Murphey for Appellants.

Goodspeed, McGuire, Harris & Pfaff for Respondent.

SHINN, J.—Respondent is the widow of Charles J. Colden, deceased, and entitled under his will to one-fifth of his estate remaining after the payment of certain specific bequests. In the will the share left to respondent was declared to be inclusive of her interest in the community property. The estate is situated partly in California and partly in Texas. Respondent claims that all of the California estate and a large part of that in Texas is community property. The other beneficiaries deny that respondent's community interest exceeds her share under the will. The case is one in which respondent is required to make an election to take under the will or her share of the community property. She has not done this and the estate cannot be closed until she does. The will contains in paragraph nine thereof a comprehensive "disinheriting" provision in case of unsuccessful contest or opposition to the plan of the will by any devisee or legatee.

In this situation respondent filed her complaint for declaratory relief against the executors of the will and the beneficiaries thereunder, alleging the foregoing and certain additional facts. She alleged that she was without information or knowledge as to the extent of the community property on which to base an intelligent election to take or not to take under the will; that she could not obtain such knowledge without the aid of a court of equity; that if compelled to make an election without judicial determination of the character of the property "plaintiff will be then subjected to the danger of irreparable loss and damage to her rights and interests in and to decedent's said estates . . . that plaintiff's rights and interest will be prejudiced and placed in jeopardy should she be forced to elect, without first having secured and ascertained by judicial determination and adjudication, the community or separate character of the various items of property in said decedent's California and Texas estates." It was then alleged that she desired to file in the courts of appropriate jurisdiction in the States of California and Texas, respectively, application for declaratory relief in the form of exhibits attached to the

complaint. These were proposed complaints for declaratory relief, one to be filed in California and the other in Texas. By such proposed actions for declaratory relief plaintiff intended to obtain, outside of the probate proceedings, a determination as to the community or separate character of decedent's estate. It was further alleged that plaintiff had not filed said declaratory relief actions because of her fear that the same might constitute a violation of the contest clause of the will; that she had been advised by her counsel that the same would not violate said provision, but that the defendants claim and allege that it would be violated by the filing or prosecution of such proposed actions and "that, therefore, an actual controversy exists between plaintiff and defendants as to the proper construction and interpretation of the Last Will and Testament of decedent, Charles J. Colden, Deceased, and in particular as to the true construction, interpretation and effect of Paragraph Nine thereof, as to which plaintiff seeks and is entitled to receive declaratory relief." Defendants, without demurring, filed their answers denying material allegations of the complaint. Upon the trial it was stipulated by all parties that all of the allegations of the complaint were true and that all of the denials of the answers were untrue. The judgment was therefore based upon the truth of the facts alleged in the complaint.

The decree from which the appeal is prosecuted specifically awards to respondent the following rights: (1) to have full information as to what part of the estate is community property; (2) to pursue to final judgment in the appropriate courts of the States of California and Texas or elsewhere complaints for declaratory relief for a determination of the extent of the community property; (3) to prosecute such suits without incurring any penalty, as for a violation of the ninth paragraph of the will; (4) the right to withhold her election until there has been a judicial determination and adjudication establishing the community or separate nature of the property in California and Texas.

The underlying cause of this litigation is the disagreement of the parties as to the extent of the community property, which respondent proposes to have settled in separate actions in equity for declaratory relief. Appellants deny that she has this right and assert that all proceedings for the determination of her community interest in the estate should be taken

in the probate proceeding. They contend that the court in probate has exclusive jurisdiction to determine questions relating to community property. Respondent contends that the probate court has no such jurisdiction but that the power to make that determination is exclusively in a court of equity trying separate and independent actions, one in California and one in Texas.

The judgment appealed from is attacked upon the grounds that the court was without jurisdiction to render it, and that it is erroneous.

Appellants' assault, which they say is upon the jurisdiction of the court, appears to deny not jurisdiction to entertain and determine the present action but its power to render the particular judgment which it did render. Questions as to respondent's right to maintain the present action and those relating to her right to bring the proposed declaratory relief actions must not be confused. The present action is conceded to be one for the construction of a will. The proposed actions are for the determination of community property rights. In determining whether the present case is a proper one for declaratory relief, it is immaterial that the judgment actually rendered may be or is erroneous, as is also the fact that the contemplated declaratory relief actions might constitute an unauthorized encroachment upon the jurisdiction of the probate court.

So far as the question of the authority of the court to entertain the present action is concerned, we think that matter is settled by the facts as found by the court pursuant to the stipulation. By the ninth paragraph of the will it was provided that any beneficiary thereunder who should unsuccessfully prosecute a contest or oppose the plan of the will should receive only one dollar instead of the share which would otherwise go to him. Appellants stipulated that an actual controversy existed between the parties which called for an interpretation of this provision by the court in the nature of a declaration that respondent's contemplated declaratory relief actions either would or would not constitute a violation of the provisions of paragraph nine.

Appellants do not deny that the controversy to be adjudicated is one which arose out of a dispute as to the proper construction of the will, nor do they assert that the controversy involves either more or less than that. They submitted

the question to the trial court as a proper one for it to decide. We therefore have the simple question whether a dispute as to the proper construction of a will may be resolved in a declaratory relief action. The answer is found in section 1060 of the Code of Civil Procedure. Wills are among the instruments which may |be construed, where their terms are in dispute, in an action for declaratory relief. The section was so applied in *McCaughna* v. *Bilhorn*, (1935) 10 Cal. App. (2d) 674 [52 Pac. (2d) 1025], a case in which a judgment construing a will in a declaratory relief action was sustained on appeal.

In the present case the trial court properly held that it possessed authority to construe the will. However, in so stating, we have in mind that the case was presented to the court upon the theory that the particular matter in dispute, namely, respondent's claim that she had a right to bring other actions for declaratory relief, raised a question regarding the construction of a will within the meaning of section 1060 of the Code of Civil Procedure. No contention to the contrary is made here. Because of the manner in which the question was presented to the trial court and is presented here we must assume that one who claims under a will may appeal to the court in an action for declaratory relief to obtain a decree declaring what he may or may not do in asserting rights greater than those he enjoys under the will without violating a provision of the will against contests such as we have in the present case.

The real controversy is whether proceedings for the determination of a widow's interest in community property should be taken in or independently of the probate administration. Simply stated, the question is this: Did the court properly extend the right to respondent to prosecute separate declaratory relief actions to final judgment before making her election, or should she have been limited to such steps as are available within the probate administration for the purpose of acquiring all available information with relation to the nature of the estate before making her election? We think the judgment is erroneous in allowing respondent to prosecute her claims upon the equity side rather than the probate side of the court.

We should say first that it is not contended on the appeal that the prosecution of the separate declaratory relief actions

would violate the will, although that contention was made in the court below. It is contended on the one hand that the jurisdiction of the probate court is exclusive and, if not exclusive, that it is the proper jurisdiction for trial of the community property issue, and upon the other hand that that court has no jurisdiction in the matter.

Respondent's contention is that she must bring independent actions in equity because the court in probate has no jurisdiction to determine as between her and the other claimants what share of the property is community and what is separate. She assumes that in asserting her community property rights she claims adversely to the estate and to the other beneficiaries under the will, and she says that this being so, the court in probate cannot adjudicate her rights. (*Theller* v. *Such,* (1881) 57 Cal. 447; *Bath* v. *Valdez,* (1886) 70 Cal. 350 [11 Pac. 724]; *Barnard* v. *Wilson,* (1887) 74 Cal. 512 [15 Pac. 307]; *Estate of Niccolls,* (1912) 164 Cal. 368 [129 Pac. 278].)

The contention is without merit. (*In re Burdick,* (1896) 112 Cal. 387 [44 Pac. 734].) The court in probate has always exercised jurisdiction over the interest of the surviving wife in the community property in the course of administration upon the estate of a deceased husband. No one of the powers of the court in probate is more firmly settled or more universally conceded and acted upon than this one.

Since respondent's claims may be adjudicated in the probate court, the remaining questions are whether they can be adjudicated elsewhere and, if they can be, whether respondent should be allowed to have them tried in separate suits in equity.

The answer to the second query is so obvious and, in our opinion, so satisfactory as to render it unnecessary for us to answer the first one. Among the allegations of the complaint which we have quoted is one to the effect that respondent's rights and interests will be prejudiced if she has to make an election "without first having secured and ascertained by judicial determination and adjudication the community or separate character of the various items of property in said decedent's California and Texas estates." The truth of this allegation was admitted at the trial. It may very well have formed the basis for that provision of the decree awarding respondent the right to have such "judicial determination and adjudication." We cannot believe that appel-

lants consciously and intentionally stipulated away their case. The right of respondent to have such "judicial determination and adjudication" was the very one that was in controversy. In spite of the breadth of this allegation we deem it more reasonable to believe that appellants conceded respondent's right to have a determination in the probate court as to the character of the property, but denied her right to have such determination in the form of a judgment, either final or otherwise, in any court, before making her election. In order to reach a just and proper determination of the controversy we should proceed upon this assumption.

The Probate Code provides one comprehensive, exclusive method for administration upon the estates of decedents. The proceeding is *in rem* and the jurisdiction of the court is complete over the property of the estate and over all persons claiming interests therein under the decedent, as to all matters involved in a complete and effective administration. The law does not provide an alternative procedure for determining questions of heirship in connection with rights of succession or the probate of wills, nor one in which the court has jurisdiction over all heirs and other claimants, both known and unknown. In those respects probate law is unique and exclusive. The title of a surviving wife to her interest in the community estate rests upon a decree of distribution. Her right as survivor of the community is one thing; the decree of distribution which determines and identifies the estate which comes to her by virtue of her right is quite another, and is indispensable as a muniment of her title. It would be an inexcusable interference with established probate procedure, and one which would result in delay and confusion, to permit issues strictly within probate jurisdiction to be tried through the medium of independent suits in equity. Declaratory relief is not provided as a substitute for other established and adequate legal procedure. True, there is the power to construe a will in a declaratory relief action, but we have no thought that in making this provision it was the intention of the legislature to transfer from the probate side of the court to its equity side matters of probate cognizance, but rather that it was the intent to supplement the equitable powers of the court in probate with the broader remedy of declaratory relief. The wisdom of this course was illustrated in the cause of *McCaughna* v. *Bilhorn, supra,* where a court in an equity action had assumed jurisdiction of an entire controversy which could

have been tried and determined in part but not in its entirety by the probate court. After pointing out the reasons why the appeal to the court sitting in equity was proper, it was stated in the opinion that (pp. 683, 684), "Where the declaration of the rights and duties under a will is the only matter before the court the judges sitting in equity might with great propriety leave the settlement of the controversy to the probate side of the court." We go further and hold that they should do so in every case where the equitable powers in probate are available and adequate, as they are in the case before us.

There is no doubt in our minds as to respondent's right to apply to the probate court for a judicial inquiry preliminary to a determination of the community property issue. She may do so without fear that any application which she may present in aid of the court's inquiry or any effort that she may make by the production of proof to establish that any part or all of the estate is community property will visit upon her the penalties of the ninth paragraph of the will. This is because the present decree, in terms which are not here questioned on that point, gives her even greater rights; likewise because appellants concede that respondent has a right to a full investigation of the question in the probate court and insist that she make her application within the proceedings in probate if at all.

Respondent may appear in any proceeding under sections 1080-1082 of the Probate Code for a determination of heirship by setting up her right to distribution of a part of the estate. The decree could encompass an adjudication of her community property rights, which would be conclusive upon all interested parties, and would be controlling upon distribution of the estate. Also, upon petition for distribution under section 1020 et seq. of the Probate Code the court could adjudicate any claims asserted by respondent and determine what share she would receive according to such decision as she may make under her right of election. The decree would be binding upon all parties.    (*In re Burdick, supra.*)

As the question of the community or separate character of the property of the estate is one within the court's jurisdiction in probate, that court may and will exercise such of its powers in equity as it may need to invoke in aid of the proper discharge of its manifest duties. (*In re Burton*, (1892) 93 Cal. 459 [29 Pac. 36]; *Johnson* v. *Superior Court*, (1929) 102 Cal. App. 178 [283 Pac. 331].)

■ The next objection which respondent has to going into the probate court is that she would prefer to have a final judgment establishing the extent of the community and separate property of the estate before she makes her election. She cannot obtain this in the probate court because she will be required to make her election before distribution and will therefore have to elect before the court makes an order either upon a hearing to determine heirship or for distribution. In holding that all further proceedings be had in the course of the administration of the estate, we are necessarily deciding that respondent is not entitled to withhold her election until she has received a final judgment, or in fact any judgment, of the court upon the community property issue. She has the right to receive full information as to the status of the property of the estate before she decides whether to take under the will. (*Estate of McCarthy*, (1932) 127 Cal. App. 80, 85 [15 Pac. (2d) 223]; *Estate of Dunphy*, (1905) 147 Cal. 95, 104 [81 Pac. 315].) This she will receive, for in the course of the proceedings which are available to her in the probate administration she will be as fully informed as the court will be as to the character of the property. We do not see how she can be entitled to more than this. She has a choice to make. The other beneficiaries do not question her right to make it, and whichever way she decides they must abide by it. They are not interfering with her decision and are willing that she shall pursue such inquiries as she may see fit to make within the probate administration. They are entitled to have their shares of the estate distributed to them without unnecessary delay. It is the policy of the law, and an indispensable one, that administration of estates in probate should be conducted with the utmost expedition. Executors and administrators must perform their duties promptly and means for compelling them to do so are readily available. Surely the right of other claimants to have their shares distributed to them promptly is superior to the privilege which respondent claims and which is accorded her by the judgment appealed from. She is not entitled to insurance in the form of a final or any judgment against error in making her choice. The judgment in this respect goes so far in her favor as to seriously invade the rights of other beneficiaries, for it cannot be questioned that respondent plans a course which would greatly delay the closing of the estate. Every right which she has will be fully protected within the probate admin-

istration in a manner which will fully respect the rights of all other claimants. Her further steps must be taken there.

What we have said has particular reference to the laws of California. It is equally applicable to the Texas estate. It appears that the estate there consists, in part at least, of real property. We naturally assume that the courts of Texas exercise such complete and adequate jurisdiction in the matter of the administration of estates of decedents as is commonly possessed by the courts of the several states. Our attention has been called to nothing to the contrary. The findings and judgment in the present case furnish no reason for delay in the closing of the California administration while respondent prosecutes an equitable action in Texas apart from the probate administration for the determination of her rights as surviving wife to all or a portion of the property located in that state.

If we are correct in our views, then it was error for the court below to grant respondent the right to bring separate declaratory relief actions for the purpose of determining the nature of the property of the estate. Our conclusions call for a modification of the judgment to provide that respondent is not required to make her election whether she will take under the will or her share of the community property until the conclusion of an appropriate proceeding in the administration of the estate of Charles J. Colden, deceased, conducted for the purpose of eliciting all available proof offered by any of the interested parties as to the nature of the property of the estate, whether it be in whole or in part community or separate property, and that applications to the court in such connection, and the offering of proof to show that all, any or no part of the estate is community property, will not violate or render operative paragraph nine of the will of said decedent. As so modified, the judgment will be affirmed.

Neither party shall recover costs on the appeal.

There has heretofore been submitted for decision a motion by appellants for leave to introduce upon the appeal evidence of proceedings had with reference to the matters in controversy since the entry of the judgment appealed from. The conclusions we have reached in disposing of the appeal render it unnecessary for us to consider the matters to which the proposed evidence would relate, and the application is therefore denied.

Schauer, P. J., concurred.

Wood (Parker), J., deeming himself disqualified, did not participate in this decision.

A petition for a rehearing was denied April 3, 1942, and respondent's petition for a hearing by the Supreme Court was denied May 4, 1942. Traynor, J., voted for a hearing.