[Civ. No. 13461.   First Dist., Div. Two.   Feb. 17, 1948.]

Estate of ANNA KURT, Deceased.   META MOHR, Petitioner and Appellant, v. JOHN G. KURT, Contestant and Appellant.

David D. Oliphant, Jr., Hillyer & Hillyer and Curtis Hillyer for Petitioner and Appellant.

H. Raymond Hall for Contestant and Appellant.

DOOLING, J.—Anna Kurt died testate on December 6, 1942, and Bank of America National Trust and Savings Association was appointed executor of her will. By the terms of her will she left certain shares of stock standing in her name to her sister Meta Mohr and to certain other persons and made Meta Mohr the residuary beneficiary of one-half of the residue of her estate. Certain real property was held in joint tenancy by decedent and her husband John G. Kurt at the time of her death.

The executor filed its final account and petition for distribution, listing the personal property but no real property, and alleged that the property on hand for distribution was the separate property of the decedent. Thereupon the surviving husband filed his objections to the petition for distribution and a petition for determination of heirship asking for a determination that all of the property included in the inventory was community property. The probate court so determined and ordered one-half of such property immediately delivered to the surviving husband.

From this decree cross-appeals have been taken by the surviving husband John G. Kurt and the surviving sister. Meta Mohr. The appellant Kurt contends that the personal property was acquired prior to 1923, when the law was first enacted giving the wife testamentary power over one-half the community property, and for that reason he should take all of it free of the attempted testamentary disposition of his wife. The appellant Mohr argues that the evidence on the hearing developed that the real property held in joint tenancy was in fact the community property of the spouses and that the probate court should have so determined and should have decreed that one-half thereof was subject to the testamentary disposition of the wife.

This claim of the appellant Mohr is countered by the assertion of the surviving husband that the probate court has no jurisdiction to determine a claim of title adverse to the estate, citing *Estate of Abdallah*, 80 Cal.App.2d 634 [182 P.2d 596], where many of the earlier cases are collected and discussed. Apparently counsel for the surviving husband

does not realize the full import of this argument nor the fact that it is a two-edged sword which lops off jurisdiction of his claim to the personal property asserted against the estate equally with that of the estate's claim to a share of the real property asserted against him.

■ The basic rule and its recognized exception are set out in *Bauer* v. *Bauer,* 201 Cal. 267, 271 [256 P. 820]:

"It is undoubtedly the rule that the superior court sitting in probate is without jurisdiction to try the question of title to property as between a representative of the estate and strangers to the estate. (*Ex parte Casey,* 71 Cal. 269 [12 P. 118]; *Estate of Haas,* 97 Cal. 232 [31 P. 893, 32 P. 327].) This is necessarily so for the reason that either the person initiating the attack or the person resisting the attack is lacking in privity to the probate proceedings.

"It has, however, been held that when the title to property is claimed by a representative of an estate in his individual capacity the superior court, sitting in probate, is vested with the jurisdiction of determining the validity of such claim upon the settlement of the final accounts of such representative." See *Wilkerson* v. *Seib,* 20 Cal.2d 556, 563 [127 P.2d 904]; *McCarthy* v. *Superior Court,* 64 Cal.App.2d 468 [149 P.2d 55]; *Estate of Escolle,* 134 Cal.App. 473 [25 P.2d 860].

Here the surviving husband is not the personal representative and any claim that he is making is adverse to the estate and not in privity with it. ■ It has always been and still is the rule that the surviving husband's interest in the community property vests in him *without administration.*

This was true before the 1923 enactment giving the wife testamentary power over one-half the community property. (*Estate of Klumpke,* 167 Cal. 415, 419-420 [139 P. 1062].) Since 1923 it is still true even where the wife's will disposes of one-half the community property. The other one-half goes to the husband without administration. (*Makeig* v. *United Security Bk. & T. Co.,* 112 Cal.App. 138, 145 [296 P. 673].)

■ Since the community interest of the husband does not pass to him *through* the probate proceedings, by asserting the claim that property is community property the husband is not claiming in privity with the estate but adversely to it. If so his claim cannot be litigated in a proceeding to determine heirship. (*Estate of King,* 199 Cal. 113, 117-118 [248 P. 519].) It is said in *Estate of Klumpke, supra,* 167 Cal. at page 421: "A surviving husband claiming that certain prop-

erty was community property up to the time of the death of his wife is thereby asserting a claim of title adverse to that of the estate of his wife, which cannot be determined by the court in probate.''

The only cases where the husband's claim against the wife's estate that property was community has been held to be within the probate court's jurisdiction are cases where the husband was the personal representative, thus bringing the case within the exception mentioned in *Bauer* v. *Bauer, supra,* 201 Cal. 267, and the decisions go expressly on that ground. (*Estate of Kelpsch,* 203 Cal. 613, 616-617 [265 P. 214]; *Estate of Helm,* 6 Cal.App.2d 752, 754-755 [45 P.2d 250].)

As to the husband's claim that the real property is separate property passing to him on termination of joint tenancy by the wife's death, the determination of that question is of course equally beyond the jurisdiction of the probate court. (*Estate of Klumpke, supra,* 167 Cal. at p. 418.)

Cases dealing with a surviving wife are not in point. A different situation exists where the husband dies leaving the wife surviving. The community property in that case is subject to administration (Prob. Code, § 202) and both before and since 1923 the wife's share of community property comes to her through the probate court, so that her claim is in privity with the estate and can be litigated therein. (*In re Burdick,* 112 Cal. 387 [44 P. 734]; *Colden* v. *Costello,* 50 Cal.App. 2d 363 [122 P.2d 959].)

The decree appealed from, being outside the jurisdiction of the probate court, is reversed, each party to bear his own costs of appeal.

Nourse, P. J., and Goodell, J., concurred.