[Civ. No. 18175.   First Dist., Div. One.   May 21, 1959.]

Estate of DORIS BRADLEY STONE, Deceased. BYRON F. STONE, JR., Appellant, v. WILLIS S. SLUSSER, as Executor, etc., Respondent.

534

William T. Eckhoff and William Berger for Appellant.

Thelen, Marrin, Johnson & Bridges for Respondent.

BRAY, P. J.—Appeal by husband of decedent from an order striking his petition to determine heirship and community interest.

### QUESTION PRESENTED

Has the superior court, sitting in probate, jurisdiction to hear a petition by a surviving husband to determine community interest?

### RECORD

The will of Doris Stone was duly admitted to probate and respondent appointed executor thereof. The will disposed of

decedent's entire estate to her daughter, Nancy Lee Slusser, and disinherited appellant husband. After the filing of the inventory, appellant filed a petition to determine heirship and community interest. The petition alleged that appellant and decedent were married August 22, 1947, and lived together until November, 1954 (decedent died May 22, 1956). At the time of marriage decedent owned certain real property as her separate property. During the 1947-1954 period decedent received income for personal services. Four thousand dollars of these earnings were disbursed for the benefit of the property, and appellant claimed to be entitled to one-half of that sum as being community funds disbursed for the benefit of the wife's separate property, and asked the court to determine the amount of the community funds disbursed, adjudge him the owner of and entitled to one-half thereof on distribution. The executor filed a demurrer and motion to strike on the grounds of lack of jurisdiction.* Nancy Lee filed a statement of claim of interest in the estate, alleging that as sole legatee she was entitled to all property listed in the inventory, all of which was separate property. A report of the executor revealed that the estate consists primarily of $11,000, proceeds of the sale of the real property by the executor. Nancy Lee also filed a motion to strike, on the ground of lack of jurisdiction. This motion was granted.

## JURISDICTION OF PROBATE COURT

█ The superior court, although a court of general jurisdiction, when sitting as a probate court is a court of special and limited jurisdiction in that its jurisdiction is circumscribed in probate proceedings by the provisions of the statute conferring such jurisdiction and it may not competently proceed in a manner essentially different from that provided. (*Estate of Quinn* (1955), 43 Cal.2d 785, 787 [278 P.2d 692]; *McPike* v. *Superior Court* (1934), 220 Cal. 254, 258 [30 P.2d 17]; 20 Cal.Jur.2d p. 53, § 24.)

█ One application of this doctrine is that the superior court, while sitting in probate, is without power to decide a claim between an estate and a stranger thereto. (*Central Bank* v. *Superior Court* (1955), 45 Cal.2d 10, 14 [285 P.2d 906]; *Estate of Dabney* (1951), 37 Cal.2d 672, 676 [234 P.2d 962]; *Bauer* v. *Bauer* (1927), 201 Cal. 267, 271 [256 P. 820].)

Probate Code, section 1080, provides in part that "the executor or administrator, or any person claiming to be an heir

---

*Apparently no action was taken on this demurrer and motion.

of the decedent or entitled to distribution of the estate or any part thereof may file a petition setting forth his claim or reason and praying that the court determine who are entitled to distribution of the estate.'' Appellant contends that the probate court has jurisdiction here since he is entitled to distribution of part of the estate; namely, his portion of the community property.

The question then is whether a surviving husband's statutory share of community property (Prob. Code, § 201), forms part of his wife's estate. Probate Code, section 202, provides: ''Community property passing from the control of the husband, either by reason of his death or by virtue of testamentary disposition by the wife, is subject to his debts and to administration and disposal under the provisions of Division III of this code; but in the event of such testamentary disposition by the wife, the husband, pending administration, shall retain the same power to sell, manage and deal with the community personal property as he had in her lifetime; and his possession and control of the community property shall not be transferred to the personal representative of the wife except to the extent necessary to carry her will into effect.''

▌ The California Supreme Court has recognized a distinction in the power of the probate court to go into the question of community property between a husband's estate and a wife's estate. *Central Bank* v. *Superior Court, supra,* 45 Cal.2d 10, discussed the general rule that the probate court is without power to decide claims between an estate and a stranger, and then states that if one is not a stranger or is in ''privity'' with the estate the controversy is within the probate court's jurisdiction. Two types of privity are recognized, one, that between the estate and the executor or administrator acting in his personal capacity (for example, if in this case the husband was also the executor of his wife's estate). This area does not include a surviving husband who is not the executor or administrator. (P. 17.) The second type of privity involves a claimant who has acquired or seeks to acquire property in the course of the probate proceeding. This privity is based on the nature of the claim. ▌ A surviving wife's claim to her community interest is in privity, for her share comes to her through probate. (Prob. Code, § 202.) But the husband's claim to community property is adverse to the estate, is not subject to administration and does not pass through the probate proceeding. An executor or administrator of a wife's estate cannot litigate with the

surviving husband in a probate proceeding the question of whether property in the husband's possession is community or separate estate. (*Wilson* v. *Superior Court* (1951), 101 Cal.App.2d 592 [225 P.2d 1002].) ▌ An heirship proceeding is not a proper one in which to litigate the husband's claims to his share of the community property. (*In re Rowland* (1888), 74 Cal. 523 [16 P. 315, 5 Am.St.Rep. 464]; *Estate of Kurt* (1948), 83 Cal.App.2d 681, 683 [189 P.2d 528].) Probate Code, sections 201 and 202, make it clear that the husband's portion of the community property is not subject to administration on the wife's death testate. Only the portion so passing from his control (all when he dies, or half which a decedent wife disposes of by will) is subject to his debts and to administration. If the wife dies, section 202 provides that his possession and control need be transferred to her personal representative only to the extent necessary to carry her will into effect. But the wife cannot dispose of his half and it cannot become a part of her estate.

"It is stated that the surviving husband's claim to his share of community property is adverse to the estate as it is not subject to administration and does not pass through probate proceedings. (*Makeig* v. *United Security Bank & Trust Co.*, 112 Cal.App. 138 [296 P. 673].) As such he is not claiming in privity with the estate but adversely to it since his community interest does not pass through the probate proceedings and his claim cannot be litigated therein if objection be made. (*Estate of Klumpke, supra,* 167 Cal. 415, 421; *Estate of Kurt, supra,* 83 Cal.App.2d 681, 683; see also *Estate of King, supra,* 199 Cal. 113, 117-118.) But a surviving wife's claim to her share of the community property is said to come to her through probate (Prob. Code, § 202) so that her claim is in privity with the estate and should be litigated therein. (*In re Burdick, supra,* 112 Cal. 387; *Estate of Kurt, supra,* 83 Cal.App.2d 681, 684; *Colden* v. *Costello,* 50 Cal.App.2d 363 [122 P.2d 959].)" (*Central Bank* v. *Superior Court, supra,* 45 Cal.2d at p. 17.)

In the *Estate of Kurt,* (*supra,* 83 Cal.App.2d 681) cited in the above quotation from *Central Bank* v. *Superior Court,* the court held that the claim of community property made by the surviving husband who was not the personal representative of the estate could not be determined in a proceeding to determine heirship. ". . . any claim that he is making is adverse to the estate and not in privity with it. It has always been and still is the rule that the surviving husband's interest

in the community property vests in him *without administration."* (P. 683.)

Appellant cites *Woods* v. *Security-First Nat. Bank* (1956), 46 Cal.2d 697 [299 P.2d 657], as overruling the Kurt case and as authority for the proposition that the probate court has power to determine if property is separate or community. There the surviving husband brought an action to recover property from the wife's executor on the ground of an oral agreement converting the wife's separate property to community. The husband appealed from an adverse judgment on the grounds (1) that the evidence was insufficient to support the findings and (2) that an earlier order of the probate court finding that the property was community property was res judicata. Judgment was reversed on both grounds. Concerning the second plea it appeared that the husband had filed a petition to determine heirship, alleging that he was the heir of the decedent as her surviving spouse, since he was named in decedent's will, but excluded in a codicil, both executed prior to marriage. The court found that the husband claiming as heir properly invoked the jurisdiction of the probate court under section 1080, Probate Code. In asserting himself as heir he was claiming through and not adversely to the estate. Hence the probate court had the power to decide the question of heirship, and it did not matter whether the property was found to be separate or community. "The fact that the petition also sought to have the entire estate declared to be community property did not oust the court sitting in probate of jurisdiction to determine the question of heirship. Anything in the *Estate of Kurt* . . . inconsistent with the conclusion herein is disapproved." (P. 704.)

The only language in the Kurt case that is inconsistent appears at 83 Cal.App.2d 684, where the court said: "The only cases where the husband's claim against the wife's estate that property was community has been held to be within the probate court's jurisdiction are cases where the husband was the personal representative. . . ." The Woods case qualifies this general statement by carving out another situation where the probate court may decide whether property is community. But the holding of Kurt remains undisturbed as does the doctrine reenunciated in the Central Bank case that where the situation merely presents a husband claiming a community interest, that claim is adverse to the wife's estate and beyond probate jurisdiction. But the surviving wife claiming a community interest is in privity with the estate since under

Probate Code, section 202, her share of community property comes to her through probate. (See *Colden* v. *Costello*, 50 Cal.App.2d 363, 369 [122 P.2d 959].) See *Estate of Hartnett* (1957), 155 Cal.App.2d 280 [318 P.2d 81], which referred to the discussion in the Central Bank case, *supra*, as between a husband's claim and a wife's claim, and then held: ". . . petitioner's claim as surviving wife to community property rights was in privity with the estate and should have been litigated therein." (P. 283.) The Woods case did not nor does any case, abrogate the distinction as to whether it is a surviving husband or wife who petitions.

*Parsley* v. *Superior Court*, 40 Cal.App.2d 446 [104 P.2d 1073], is in nowise opposed to the rule herein set forth. It clearly appears that the husband there was not claiming adversely to his wife's estate, but through it.

■ Appellant claims that the holding in *Estate of Radovich*, 48 Cal.2d 116, 120 [308 P.2d 14], that an heirship proceeding in the probate court is a proceeding *in rem* and conclusive against all persons somehow is a holding that supports his contention that the probate court has jurisdiction in the proceeding commenced by him to determine his right to the property which he is claiming adversely to the estate. He overlooks the fact that the binding effect of a judgment in that type of proceeding is stated as follows: " '. . . it settles "the rights of all persons claiming as *heirs* of the decedent. . . . " ' " (Emphasis added.) Appellant does not claim as an heir of decedent. In his "Petition to Determine Heirship and Community Interest" appellant expressly refrained from stating that he is an heir, and asked that he be adjudged the owner of one-half of the community funds which he alleged was disbursed in connection with the real property.

Appellant cites a number of cases as authority for the proposition that the probate court may determine the community character of property. None of them are in point. They divide themselves into three classes: (1) Involving surviving wives, such cases as *Estate of Roberts* (1945), 27 Cal.2d 70 [162 P.2d 461]; *Estate of Nash* (1955), 132 Cal.App.2d 233 [282 P.2d 184]; *Colden* v. *Costello, supra*, 50 Cal.App.2d 363, 369. As we have shown, surviving wives are uniformly held in privity under Probate Code, section 202. (2) Where the petitioner is claiming as an heir whose right to inherit depended upon the character of the property, such cases as *Estate of Morgan* (1928), 203 Cal. 569 [264 P. 241]. (3) Where the claim is by a representative of the estate in his

individual capacity, such cases as *Estate of Kelpsch* (1928), 203 Cal. 613 [265 P. 214]. In such a case, privity is recognized, as we have pointed out.

The order is affirmed.

Wood (Fred B.), J., and Tobriner, J., concurred.