59 Cal.App.3d 797 (1976)
130 Cal. Rptr. 908
Estate of ANGELEN KAZIAN, Deceased.
SECURITY PACIFIC NATIONAL BANK, as Executor, etc., et al., Petitioners and Respondents,
v.
ONIG KAZIAN, Claimant and Appellant
Docket No. 47338.
Court of Appeals of California, Second District, Division Five.
June 30, 1976.
*799 COUNSEL
Jack Altman for Claimant and Appellant.
Harlean M. Carroll, Volney F. Morin and Gilbert Klein for Petitioners and Respondents.
*800 OPINION
KAUS, P.J.
Petitioner, executor of the will of Angelen Gendian Kazian, filed a petition for a decree determining the interests in decedent's estate. Its purpose was to determine whether decedent's surviving husband, Onig (Bill) Kazian, had forfeited his interest in the estate under a no-contest clause in the will. The probate court found that Kazian had contested decedent's disposition of her estate and that he was therefore entitled to take only the sum of $1 under the will. Kazian appeals.

FACTS
Decedent married Kazian in October 1954, sometime after her first husband died. At the time, she owned property worth about $300,000.[1] She died in June 1969, leaving an estate of $1,300,000.
Decedent left a will which provided, as relevant:
First, she declared: "[A]ll property in which I have an interest or which now stands in my name, or my former name, ... is my sole and separate property, having been owned by me prior to my marriage to BILL KAZIAN, or having been acquired subsequent to my marriage to him, but from the proceeds of property owned by me prior to said marriage."
Second, she bequeathed Kazian the sum of $25,000 plus shares of stock worth about $35,000.
Third, she left the bulk of her estate in trust to her three children from her former marriage, and to her grandchildren.
Fourth, she provided that if any "beneficiary under this Will,... shall contest it, or any of its parts or provisions, then such person shall receive the sum of One Dollar ($1.00) only, in lieu of all interest in this estate or under my Will."
*801 The will[2] was filed for probate in July 1969. In April 1970, Kazian filed a "Complaint to Establish Community Interest and for Money," in which he alleged the existence of the will and that "all of said property in said estate is in fact community property and the plaintiff is entitled to one-half of all of the assets of the estate."
In February 1973, after a court trial, judgment was entered against Kazian. The court found, in brief, "that no community property existed between [Kazian] and the Decedent, ..."
The executor then filed this proceeding. The superior court found that Kazian's action "in filing the aforesaid legal proceedings against the Executor of the within estate, was a contest of the decedent's Will under the provisions" in which she declared that all property in her name was her separate property.

DISCUSSION
Kazian contends that the action filed by him "to Establish Community Interest and for Money" was not such a contest of the will or of "any of its parts or provisions" that should result in the application of the no-contest clause. We disagree.
(1) Estate of Hite, 155 Cal. 436, 439 [101 P. 443], established as far as this state is concerned, "that a condition such as [a no-contest clause] not only does no violence to public policy, but meets with the approval of that policy."
(2a) Hite also held that in interpreting the reach of no-contest clauses, the "basic question for determination is the meaning of the word [contest] as employed by the testator, and that determination is to be arrived at from a consideration of his purpose and the end which he sought to attain." (Id., at p. 442. Italics in original.)[3]
*802 Whether there has been a contest within the meaning of the language used in a particular no-contest clause is determined according to the circumstances of the particular case. (Estate of Fuller, 143 Cal. App.2d 820, 824 [300 P.2d 342]; see also Estate of Basore, 19 Cal. App.3d 623, 631 [96 Cal. Rptr. 874]; Estate of Dow, 149 Cal. App.2d 47, 53 [308 P.2d 475].) Thus, the answer cannot be sought in a vacuum, but must be gleaned from a consideration of the purpose that the testatrix sought to attain by the provisions of her will. (Estate of Hite, supra, 155 Cal. 436, 442.)
(3) The word "contest" may mean "any legal proceeding which is designed to result in the thwarting of the testator's wishes as expressed in his will." (Estate of Howard, 68 Cal. App.2d 9, 11 [155 P.2d 841].)
(2b) We recognize that while no-contest clauses "are to be given effect according to the intent of the testator, yet it is also the rule ... that such a provision  being by way of forfeiture and condition subsequent  is to be strictly construed and not extended beyond what was plainly the testator's intent." (Estate of Bergland, 180 Cal. 629, 633 [182 P. 277, 5 A.L.R. 1363]; see also Estate of Miller, 230 Cal. App.2d 888, 901-902 [41 Cal. Rptr. 410], and cases collected.) By the same token, however, we must not rewrite the testatrix' will in such a way as to immunize legal proceedings plainly intended to frustrate her unequivocally expressed intent from the reach of the no-contest clause.
(4a) Applying the basic test of Hite, there can be no doubt that the action filed by Kazian was a proceeding intended to thwart the decedent's wishes as expressed in her will to which the no-contest clause contained in that will properly applied.[4]
Decedent specifically declared that all property in her name was her sole and separate property  property worth, as noted, about $1,300,000. She then bequeathed Kazian about $60,000. The bulk of the estate was to be held in a trust and distributed to decedent's children and grandchildren. Decedent's clear intent was to leave Kazian a relatively *803 small percentage of the estate and to lavish her bounty on her children and grandchildren, the offspring of her first marriage.
The object of Kazian's action was totally contrary to this intent. He sought a judgment, the effect of which would have been to chop the estate in half. (5) He was, of course, entitled to bring his separate action, but "`when a testator declares in his will that his several bequests are made upon the condition that the legatees acquiesce in the provisions, the courts, rightly hold that no legatee, without compliance with that condition, shall receive his bounty, or be put in a position to use it in the effort to thwart his expressed purposes.'" (Estate of Hite, supra, 155 Cal. 436, 441, quoting Smithsonian Institution v. Meech, 169 U.S. 398 [42 L.Ed. 793, 18 S.Ct. 396].)
(4b) Cases relied on by Kazian do not call for a different result. In Colden v. Costello, supra, 50 Cal. App.2d 363, the widow filed a declaratory relief action in which she sought, inter alia, a declaration that the filing of certain proposed actions in the courts of California and Texas would not constitute a violation of the no-contest clause of the will. The trial court made four specific declarations, one of which was that the proposed suits would not violate a no-contest clause. Although this issue had been controverted at the trial level, the Court of Appeal expressly stated "that it is not contended on the appeal that the prosecution of the separate declaratory relief actions would violate the will...." (Ibid., at pp. 368-369.) Whatever the underlying facts of Colden were,[5] the decision clearly has no precedential value in this case.
Nor does Estate of Dow, supra, 149 Cal. App.2d 47, aid Kazian. There the husband had made certain gifts of property before his death. In his will he declared that all of his property was his separate property. The widow then sued the executor and the donees, claiming that the husband's estate consisted of community property and seeking to set the gifts aside. The matter was eventually settled. Under the terms of the settlement to which the personal representative was a party, some of the gifts were returned to the estate, the widow dropped her claim that the estate consisted of community property, and all parties agreed that she could participate in the distribution of the estate under the will. In other words, it was part of the settlement agreement that the litigation *804 commenced by the widow was not to be deemed a contest. The Court of Appeal affirmed a trial court finding that under the circumstances of that case the filing of the action that was later compromised was not a contest within the meaning of the no-contest clause in Mr. Dow's will. It found that the widow had never pursued her contention concerning the community character of the estate "far enough to get a court determination but waived the contention and as a result of her action obtained considerable assets for the estate as well as for appellant." (Ibid., at p. 54. Italics added.) The court also pointed out that the widow's action, in effect, had been nothing but an action for declaratory relief to determine whether her husband's estate was separate or community property.[6]
Kazian's attempt to bring himself within the law and the facts of Dow will not do. All that the decision stands for is that under the peculiar circumstances of that case, the abortive action by the widow was not a contest within the meaning of the clause in the particular will under consideration. The court relied heavily on the fact that so far from diminishing the estate, the widow's action had, in fact, increased its assets for the benefit of all beneficiaries, including Mrs. Dow's daughter, the appellant.
Kazian's efforts, on the other hand, if successful would have halved rather than enhanced the estate. To claim  as he does  that his action sought nothing but a "construction" of the will is disingenuous. The testatrix' declaration that all of her property was her "sole and separate property" needed no construction.
Similarly off the mark is Kazian's further assertion that the prior action merely attacked the legality of certain provisions of the will. Estate of Kline, 138 Cal. App. 514, 521-523 [32 P.2d 677], and Estate of Basore, supra, 19 Cal. App.3d 623, 631, are cited. In Kline, the "contest" was merely a petition for a very badly needed construction of the residuary clause which either did or did not violate the constitutional rule against perpetuities.[7]Basore involved an unsuccessful attempt to set aside part of a charitable bequest under former section 41 of the Probate Code. That *805 section, though not a mortmain statute (Estate of Dwyer, 159 Cal. 680, 686-687 [115 P. 242]), did apply in a proper case even if its effect ran counter to the testator's actual desires. (Estate of Bunn, 33 Cal.2d 897, 900 [206 P.2d 635].) It is understandable that the court felt that reliance on a statute which, if invoked, may thwart the will of the testator, was impliedly immune from the reach of the no-contest clause.[8]
Finally, Kazian refers us to Estate of Lewy, supra, 39 Cal. App.3d 729, which involved a pleading which attempted to prevent the executrix named in the will from serving as such on the ground of incapacity  clearly not an attack on the validity of the will. Another thrust of the pleading was a suggestion that the particular document filed for probate did not contain two pages of the original will. This suggestion was analogized to the offer of a purported later will, long ago held "not to constitute a contest if brought in good faith." (Estate of Bergland, supra, 180 Cal. 629, 634.)
Lewy does contain a dictum which relies mainly on Selvin, Terror in Probate, (1964) Stan. L. Rev. 355, and accepts the author's interpretation of California cases to the effect that absent evidence to the contrary, technical terms used in a no-contest clause of an attorney-prepared will must be given their technical meaning and that, therefore, a reference to a "contest" "is deemed to refer to a proceeding raising an issue delineated in Probate Code section 371 (formerly Code Civ. Proc., § 1312), i.e., `Any issue of fact involving the competency of the decedent to make a last will and testament, the freedom of the decedent at the time of the execution of the will from duress, menace, fraud, or undue influence, the due execution and attestation of the will, or any other question substantially affecting the validity of the will....' [Citations]. The catchall phrase, `any other question substantially affecting the validity of the will,' is narrowly construed to refer only to proceedings raising issues similar in character to those specifically enumerated and to exclude those which do not seek to frustrate the testator's intent." (39 Cal. App.3d at pp. 733-734.)
(2c) Though we, too, readily accept that, applying a rule of construction set forth in section 106 of the Probate Code,[9] the word "contest" in *806 an attorney-drawn will should ordinarily be construed to refer to proceedings raising issues affecting the validity of the will  fraud, undue influence, and the like  this does not solve Kazian's problem: By the very words of section 106 the rule does not apply where, as here, "the context clearly indicates a contrary intention, ..."
(6) "... The presumption of a technical meaning established by section 106 is subordinate to the dominant purpose of finding and effecting the testator's intent [citations]; it is an aid to be used in ascertaining that intent, not a tool by which the court frustrates the testator's objectives." (Estate of Dodge, 6 Cal.3d 311, 325 [98 Cal. Rptr. 801, 491 P.2d 385]; see also Estate of O'Connell, 29 Cal. App.3d 526, 531 [105 Cal. Rptr. 590].)
(4c) Here the testatrix' intent is clear. Kazian's action was designed to thwart it. He contested the will.
The order is affirmed.
Stephens, J., and Ashby, J., concurred.
NOTES
[1] In March 1955, decedent and Kazian entered into a written agreement which provided that all property owned or after acquired by either of the parties "shall forever be and remain the sole and separate property of the one so receiving or acquiring...." The parties also waived any interest in property that but for the agreement would have been deemed community property in this state.
[2] The will was modified by two codicils, neither of which is at issue in this dispute.
[3] In so holding, the Supreme Court simply applied the basic rule concerning the interpretation of wills to no-contest clauses. "First, as we have said many times: `The paramount rule in the construction of wills, to which all other rules must yield, is that a will is to be construed according to the intention of the testator as expressed therein, and this intention must be given effect as far as possible.'" (Estate of Russell, 69 Cal.2d 200, 205 [70 Cal. Rptr. 561, 444 P.2d 353].)
[4] No one questions that Kazian had the right to file his "Complaint to Establish Community Interest and for Money" independently of the probate proceeding. In fact he may have had no choice. (Estate of Stone, 170 Cal. App.2d 533, 537 [339 P.2d 220].) However, the "characterization of that proceeding is to be determined by the allegations rather than the caption of the pleading which initiated it." (Estate of Lewy, 39 Cal. App.3d 729, 734 [113 Cal. Rptr. 674]; see also Colden v. Costello, 50 Cal. App.2d 363, 367-369 [122 P.2d 959].)
[5] The position of Colden's widow was far less contentious than Kazian's. The will had left her one-fifth of Mr. Colden's estate; the proposed declaratory relief actions merely sought to identify her community property interest in Colden's properties in California and Texas, so that she could make an intelligent election whether to take under the will.
[6] The Dow court interpreted Colden v. Costello, supra, as "definitely" holding that future actions by Mrs. Colden in which she would seek to show "that all, any or no part of the estate is community property" would not violate the no-contest provision of the will. (149 Cal. App.2d at p. 54.) As we have shown, that issue was not in dispute before the Colden court. To the extent that Dow rests on what we respectfully submit is a misreading of Colden v. Costello, supra, its authority is suspect.
[7] The trial court held that it did not. The appellate court disagreed.
[8] Basore, incidentally, seems legally irreconcilable with Estate of Goyette, 258 Cal. App.2d 768, 772 [66 Cal. Rptr. 103], which reached a diametrically opposite conclusion. (See Estate of Russell, supra, 69 Cal.2d 200, 206, fn. 8; Parsons v. Bristol Development Co., 62 Cal.2d 861, 865 [44 Cal. Rptr. 767, 402 P.2d 839].)
[9] Probate Code section 106 reads as follows: "The words of a will are to be taken in their ordinary and grammatical sense, unless a clear intention to use them in another sense can be collected, and that other can be ascertained. Technical words are not necessary to give effect to any species of disposition by a will; but technical words in a will are to be taken in their technical sense, unless the context clearly indicates a contrary intention, or unless it satisfactorily appears that the will was drawn solely by the testator, and that he was unacquainted with such technical sense."