[Civ. No. 13929. First Dist., Div. One. June 7, 1949.]

Estate of ALBERT E. GALVIN, Deceased. NEVA NELSON, Appellant, v. JAMES M. GALVIN, as Executor, etc., Respondent.

G. I. Hoffman and Albert D. Elledge for Appellant.

James C. Purcell and S. Lee Vavuris for Respondent.

WARD, J.—Neva Nelson, formerly the wife of Albert E. Galvin, as contestant to the probate of his will appeals from the "Decree First and Final Account Distribution of the Estate" of Albert E. Galvin, filed February 18, 1948, and from an amendment thereto filed April 2, 1948.

Albert E. Galvin's will, dated April 30, 1946, named his brother as executor. He bequeathed his "home & furniture" to a sister, nephew and two nieces; his share of the business

of "Galvin Bros. & any of the monies under that name" to his brother and partner, James M. Galvin, and his wife; "To my exwife Neva A Galvin I leave a policy for Government life insurance in her name until maturity which will more that cover the amount of alimony that I agreed to give her. I do not wish her to share in anything else that I now have or may hereafter possess." On June 3, 1946, a codicil was attached which reads: "I am transferring my life policy to be paid to my brother Jas. M Galvin; in the event of my death any money that I owe my ex wife Neva Galvin will be paid to her by Jas. M. Galvin."

Written objections to the final account were filed praying that the executor be ordered to settle the affairs of the partnership; to pay, "as surviving partner, to himself as executor" the assets of the partnership and to render an account "as surviving partner to himself as executor" the assets of the partnership. Attached was a petition for final distribution setting forth that contestant as the "surviving spouse" was the owner of one-half of the community property and that the whole of the estate was community property.

The probate court may exercise jurisdiction to determine the amount of interest of a former wife in the community property of a decedent when the former wife takes as an heir (*Estate of Kurt*, 83 Cal.App.2d 681 [189 P.2d 528], and cases cited therein) and may determine if a property settlement was made or approved by the court, but the probate court may not retry the issue of community property if it has been finally determined in another action. The provisions of the divorce decree are conclusive so far as the doctrine of res judicata is concerned. (*Bennett* v. *Forrest*, 24 Cal.2d 485 [150 P.2d 416].)

An executor who is also a surviving partner may be forced, for good cause, to render an account of the settlement of partnership affairs, but in the present case the presentation of such itemized account would be without purpose as it was demonstrated that appellant was not entitled to a community property interest in the estate.

The last mentioned objection, that the estate was community property, is the vital issue raised by appellant. The decree and the amended decree settling the first and final account set forth that the petition for distribution was heard "and the objections of Neva Nelson, formerly Neva Galvin, widow of the above-named decedent, having been heard by said Court and after due hearing of said objections the Court

having overruled said objections'' the court ordered distribution in accordance with the terms of the will.

Appellant testified that she and decedent, who had been previously married, were married May 2, 1936. Subsequently divorce proceedings were instituted and appellant filed an interlocutory divorce decree on January 22, 1946. Galvin died six months later and appellant remarried in December of the same year.

During the probate hearing counsel for the executor stated that the complaint in the divorce action and the interlocutory decree set forth that there was a property settlement agreement entered into between the parties without advice of counsel. The attorney for appellant stated, ''The exact wording is, 'A division of the community property has been agreed on without the advice of counsel.' '' Appellant explained how she and the husband had agreed upon a disposition of the property interest between themselves without the assistance of an attorney. Appellant's version was a matter to be passed upon by the probate court. The evidence shows that amounts to cover alimony were paid. The last payment, $1,300, dated June 8, 1946, 40 days before Galvin's death, was marked ''Final Payment.''

The community property rights of decedent and appellant were disposed of during decedent's life as alleged in appellant's complaint in the divorce action and followed by her interlocutory decree. Time for appeal from the interlocutory decree had expired. The decree was final except provisions as to the marital position of the parties. This is not an equitable action to set aside the decree upon the ground of fraud or mistake. (*Jorgensen* v. *Jorgensen,* 32 Cal.2d 13 [193 P.2d 728]; *Estate of Teel,* *(Cal.App.) 200 P.2d 201.) The interlocutory decree relating that the parties had agreed upon the disposition of the community property was binding on the probate court.

The decree and the amended decree settling the final account and ordering distribution under the terms of the will are and each of them is affirmed.

Peters, P. J., and Bray, J., concurred.

---

*A hearing was granted by the Supreme Court on February 10, 1949, and the final opinion is reported in 34 Cal.2d —— [201 P.2d 1].