3 Cal.App.2d 415 (1934)
In the Matter of the Estate of J. T. NUTTLE, Deceased. LEOTA BABCOCK, Objector and Appellant,
v.
JUANA M. WOOD, Petitioner and Respondent.
Civ. No. 9964. 
California Court of Appeals. Second Appellate District, Division Two. 
December 31, 1934.
 Richard J. O. Culver for Objector and Appellant.
 A. J. Verheyen for Executor and Appellant.
 Joseph Scott, T. C. Heyl and C.J. Scott for Petitioner and Respondent.
 John M. Martin and D. C. A. Smith for Claimant and Respondent.
 The Court.
 The day after the court had made an order of partial distribution, which became the subject of an appeal decided by us October 31, 1934 (Estate of Nuttle, 1 Cal.App.2d 678 [37 PaCal.2d 200]), respondent therein, Juana M. Wood, filed a petition in the Probate Court of Los Angeles County designated "Petition for Order to Determine Heirship and Interest in Estate" (under secs. 1080, 1081 and 1082, Probate Code), which alleged, in addition to certain jurisdictional facts, that petitioner was a "devisee and legatee of said deceased and is *417 a party interested" in the/his estate, and as such claimed $50,000 par value of United States government bonds and United States of America treasurer notes and other property described; that there are various persons who claim an interest in $22,000 par value of such government bonds and treasurer notes "specifically left to your petitioner"; that it is the contention of such persons that said bonds and treasurer notes are assets of the J. T. Investment Company, a Kansas corporation, "all of the stock of which corporation was owned by the deceased herein at the time of his death", and that the stock of said corporation is an asset of said estate and petitioner is not entitled to receive said bonds and notes as a part of the specific bequest made her in decedent's will--praying that the "respective claims of heirship, ownership or interest in said estate and in said bonds and notes" be set forth and that the court "ascertain and declare the rights of all persons to said estate and determine the rights of all persons to said estate and determine who is entitled to distribution" of said $22,000 bonds and notes. Notice of the hearing of said petition was served on the attorneys for the executor, A. E. Nuttle, a creditor, and appellant Leota Babcock, and a notice was posted by the clerk advising of the filing of said petition "praying for an order of court ascertaining and declaring the rights of all persons to said estate, and determining who is entitled to distribution of the $22,000.00 par value of U.S. Government bonds and U.S. Treasurer notes" (italics ours), as set forth in the petition, and fixing the date upon which cause should be shown why the prayer of said petition should not be granted.
 In its decree after such hearing the court found among other facts that the executor held all the stock of the J. T. Investment Company, a Kansas corporation, and that said corporation was organized during the lifetime of decedent "for the purpose of facilitating the handling of his business, and was his personal corporation and alter ego"; that "all of the capital stock of said corporation was owned by the deceased herein at the time of his death"; that said executor "now has in his possession the following U.S. Government bonds", describing Fourth Liberty Loan bonds of the par value of $29,500 and one U.S. A. treasurer note of the par value of $10,000, none of which was included in the *418 partial distribution of $20,000 worth of bonds made to respondent Wood nor in the inventory of the estate. Said order further found that said bonds were claimed by said Kansas corporation and that the latter "has no debts or liabilities except current bills, and that it has other assets of great value", and adjudged and decreed that petitioner Juana M. Wood "is entitled to receive and is now vested with the title to" $22,000 par value of the $39,500 worth of securities described in the order, subject to administration.
 [1] Both the executor and said objector Leota Babcock appeal from such order, contending that the probate court was without jurisdiction to pass upon the question of title involved in the conflicting claims to the $22,000 worth of bonds asserted by petitioner and by the corporation J. T. Investment Company. If these were really conflicting claims the points would be well taken, but the inventory of the estate was before the court at the time of the hearing and showed that every share of stock of said corporation, one thousand in all, belonged to deceased, a fact that is admitted by all parties in interest. It appears, therefore, that there was no question of title to be decided upon this hearing, but rather a determination under section 1080 of the Probate Code as to whether petitioner would be entitled to take a distributive share of the estate, and if so, a specification under section 1081 of the Probate Code of just what that interest would be. [2] The court decided, since the inventory showed that $28,000 worth of securities belonged to the estate, never having been included among the assets of the corporation, that in order to fulfill the wish of the testator that petitioner be given "Fifty Thousand Dollars ($50,000.00) par value of United States Government Bonds, now in my safety deposit box", it would be just, as well as necessary, to vest petitioner with the right, subject to administration, to take $22,000 of bonds (the balance of $50,000) from the $39,500 of bonds in the safe-deposit box, legal title to which had been acquired by the "one-man" corporation. (6A Cal.Jur., p. 85; 6 Cal.Jur., p. 594.) Since petitioner's legacy is a specific legacy, the order seems altogether proper.
 [3] Appellants contend that the court did not by its order determine the rights of Leota Babcock, or of any of the legatees or devisees under the will other than respondent *419 Juana M. Wood, and this is true, except to deny any other right than respondent's in the $22,000 worth of bonds. We do not feel, however, that this or other claimed deficiencies in the order furnish ground for reversal, since the way is still open to any interested party to file another petition to determine heirship and to specify interests not heretofore passed upon.
 Order affirmed.
 This opinion was prepared by Honorable Walter Desmond while a member of this court. Crail, J., did not participate.