[Civ. No. 9008. Third Dist. July 1, 1957.]

Estate of WALLACE CASWELL, Deceased. ROBERT C. KIRKWOOD, as State Controller, etc., Appellant, v. JENNIE J. CASWELL, as Administratrix, etc., Respondent.

James W. Hickey, Chief Inheritance Tax Attorney, and Joseph D. Lear, Assistant Chief Inheritance Tax Attorney, for Appellant.

Brown, Brown & Bacon, Ralph M. Brown and Wareham C. Seaman for Respondent.

VAN DYKE, P. J.—This appeal is taken by the State Controller from the order of the Superior Court of Stanislaus County fixing the inheritance taxes due by reason of the death of Wallace Caswell. Wallace died intestate December 3, 1949, and his surviving wife, Jennie, was appointed administratrix of his estate. She inventoried as property of

the estate subject to probate, all property, and only property, which stood in Wallace's name at the time of his death. Thereafter she filed a petition in the probate proceedings, seeking a determination that the property so inventoried was community property. The notice provided by section 1200 of the Probate Code was given. The matter was heard and the court rendered its decree adjudging the inventoried property to be community. The decree has become final. After the decree was final the inheritance tax appraiser filed a report in which he treated the inventoried property as having been the separate property of Wallace, thus ignoring that part of the court's decree that declared it to be community. So treating it, he fixed the tax on the shares of the various persons, including Jennie, who he concluded took the property on Wallace's death. It is, of course, obvious that if the inventoried property was in fact community property Jennie would take the whole through distribution of the estate of her husband. Jennie filed objections to the report, asserting that the inventoried property was community and that the tax should be assessed on that basis. The report and the objections thereto came on to be heard. The court, considering the decree as res judicata against the state, held the inventoried property to be community and ordered that the tax be adjusted accordingly. Thereupon the appraiser filed an amended report on the basis of the court's order, which amended report the court confirmed. This appeal by the State Controller followed.

Appellant's primary contention is that the decree in probate was not binding upon the state in the inheritance tax proceeding. This contention cannot be sustained. Section 1080 of the Probate Code provides that any person claiming to be entitled to distribution of any part of an estate may file a petition setting forth his claim or reason and praying that the court determine who are entitled to distribution. ■ The proceeding thus initiated is a proceeding in rem and the statutory notice being given, the entire world is called before the court and the court acquires jurisdiction over all persons for the purpose of determining their rights to any portion of the estate and every person who may assert any right or interest therein is required to present his claim to the court for its determination. ■ Whether he appears and presents his claim, or fails to appear, the action of the court is equally conclusive upon him, subject only to being reversed, set aside or modified on appeal. The decree is as

binding upon him if he fails to appear and present his claim as if his claim, after presentation, had been disallowed by the court. Such a decree binds the state in respect of inheritance taxes to be levied since they depend in the first instance on the probate court's findings as to the right to take property through the estate proceedings. (*Estate of Radovich,* 48 Cal.2d 116, 121-122 [308 P.2d 14].) The true nature of the petition filed by Jennie places it within the provisions of said section 1080. It is only fair to say that appellant's primary contention that the state was not bound preceded the foregoing decision in the *Estate of Radovich.* Upon that decision becoming final, appellant addressed a letter to this court, calling our attention to the decision and stating that appellant presumed this court must now hold against its contention unless the case before us can be distinguished. We see no escape from the conclusion that the decision in the *Estate of Radovich* settles the question presented on this appeal.

The order appealed from is, therefore, affirmed.

Schottky, J., and Warne, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 27, 1957. Schauer, J., was of the opinion that the petition should be granted.

---

*Assigned by Chairman of Judicial Council.