[Civ. No. 5701.   Fourth Dist.   Nov. 15, 1957.]

Estate of L. E. HARTNETT, Deceased. LUCILLE HART-
NETT, Appellant, v. AILIENE HARTNETT LEE
et al., Respondents.

Chas. L. Nichols, Christopher Hall, Robert R. Mallicoat,
Richard E. Hodge and Ivan Miller for Appellant.

Thompson & Thompson, Westover, Mansfield, Westover &
Copple, William H. Westover and Alexander W. Staples for
Respondents.

MUSSELL, J.—This is a proceeding to determine heirship
and the character of the property of the estate of Leslie
Eugene Hartnett, deceased.   The petitioner, who is the sur-
viving spouse of the decedent, alleged in her petition filed
herein on December 7, 1955, that substantially all of the prop-
erty listed in the inventory of the estate is community prop-
erty and that it is necessary that the character of said

property be fixed and determined in order that proper distribution may be made.

Leslie Eugene Hartnett died on or about February 5, 1954, and on August 25, 1955, his will, dated August 3, 1951, was revoked by order of court as to the petitioner herein since she and decedent were married subsequent to the execution of the will. When the hearing on the petition to determine heirship was commenced, counsel for petitioner moved the trial court to define the issues presented by the petition and stated that the first theory they desired to submit was whether or not all of decedent's property had been transmuted into community property by agreement between the decedent and petitioner. The trial court then stated that they would proceed with the matter of whether or not there was some agreement between the decedent and Lucille Hartnett regarding the property. After hearing testimony on the issue thus defined, the court, on May 31, 1956, made a minute order, in part, as follows: "On the issue as to whether all of the separate property owned by decedent at the time of his marriage to petitioner Lucille Hartnett, was transmuted to community property of decedent and petitioner, Lucille Hartnett, the court finds that all of said property was not so transmuted."

On July 2, 1956, petitioner, Lucille Hartnett, after having obtained leave of court therefor, filed an amendment to her petition, alleging as follows:

"6. Petitioner is informed and believes and upon that ground avers that substantially all of the property listed in such inventory is community property; and further, to the extent that the court determines or finds otherwise, the said property is the separate property of Petitioner as surviving joint tenant thereof. Petitioner further avers that it is necessary and appropriate that the precise character of such property as community property or separate property be fixed and determined by this Court in order that proper distribution thereof may be made pursuant to the aforesaid Order of this Court."

After evidence was introduced on the issues raised by the petition and the amendment thereto, the court, on November 26, 1956, made and entered a minute order, which, insofar as it is material here, provides as follows:

"Good cause appearing and it appearing to the court that because of the issues tendered by the petition for determina-

tion of heirship as amended, this court does not have jurisdiction, the petition for determination as amended is hereby dismissed without prejudice.

"Good cause appearing and it appearing to the court that because of the issues raised and conditions made by the heirs and legatees no definite instructions can be given to the executors until the issues and contentions are settled, the petition for instructions filed by the executors is hereby dismissed without prejudice."

Lucille Hartnett appeals from this order and from the provisions thereof dismissing the petition for determination of heirship as amended. The notice of appeal does not indicate that petitioner appeals from the order of the court made on May 31, 1956, finding that all of the separate property of the decedent was "not transmuted."

Appellant first contends that the probate court has jurisdiction on a petition to determine heirship and character of property by a surviving widow, to adjudicate any or all of the assets of an estate to be the community property of the decedent and the surviving widow, and we are in accord with this contention.

■■■ It is a general rule that the superior court, while sitting in probate, is without power to decide a disputed claim between an estate and a stranger thereto, but if the controversy is between an estate and those not strangers to probate proceedings relating to the estate, the court, sitting in probate, has the power to entertain the action and adjudicate the conflicting claims. This rule is discussed at length in *Central Bank* v. *Superior Court,* 45 Cal.2d 10 [285 P.2d 906]. It is there held (p. 17) that a surviving wife's claim to her share of the community property is said to come to her through probate (Prob. Code, § 202) so that her claim is in privity with the estate and should be litigated therein. (Citing *In re Burdick,* 112 Cal. 387 [44 P. 734]; *Estate of Kurt,* 83 Cal.App.2d 681, 684 [189 P.2d 528]; *Colden* v. *Costello,* 50 Cal.App.2d 363 [122 P.2d 959].) In *Estate of Roberts,* 27 Cal.2d 70, 75 [162 P.2d 461], it is held that in a proceeding to determine heirship "any person . . . entitled to distribution of the estate or any part thereof" and "praying that the court determine who are entitled to distribution of the estate" (Prob. Code, § 1080) may obtain a decision binding on any other person interested in the estate as to how the estate shall be distributed, and that the court's jurisdic-

tion in a proceeding to determine heirship includes the power to adjudicate community property rights.

It is a settled rule that the separate property of the husband or wife may be converted into community property or vice versa at any time by oral agreement of the parties. (*Woods* v. *Security-First Nat. Bank*, 46 Cal.2d 697, 701 [299 P.2d 657].) It was also held in that case that the fact that the petition to determine heirship was sought to have the entire estate declared to be community property would not oust the court sitting in probate of jurisdiction to determine the question of heirship.

In the instant case, petitioner's claim as surviving wife to community property rights was in privity with the estate and should have been litigated therein. The fact that she also sought in her amendment to the petition to have an adjudication as to property held in joint tenancy did not, in our opinion, oust the court of jurisdiction to determine what was and what was not community property. While an extensive hearing was had on the question of transmutation of property and the court found that "all of said property was not so transmuted," no finding was made describing the property transmuted.

We conclude that the court erred in dismissing the petitions under the circumstances shown by the record. The judgment and order dismissing the petition for determination of heirship as amended and dismissing the petition for instructions filed by the executors are reversed.

Barnard, P. J., and Griffin, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied January 6, 1958. McComb, J., did not participate therein.