[Civ. No. 23692.   Second Dist., Div. Three.   Dec. 3, 1959.]

Estate of CARTER EVEREST PUTNAM, Deceased. HAZEL H. PUTNAM, as Executrix, etc., Appellant.

Richards, Watson, Smith & Van Petten for Appellant.

Harold W. Kennedy, County Counsel, William E. Lamoreaux, Assistant County Counsel, and Edward A. Nugent, Deputy County Counsel, as Amici Curiae in support of order.

FORD, J.—Appellant, as executrix, bases her appeal upon the failure of the superior court to make a determination, pursuant to her petition for instructions, that property inventoried in the estate was community property.

In her petition filed June 9, 1958, appellant alleged that the decedent died on April 16, 1957, and that she was appointed executrix on November 14, 1957. She further alleged that at the time of the death the decedent and the petitioner were husband and wife and owned as community property the shares of stock and the real property listed in the inventory and appraisement on file, but that all of said property stood in their names in the form of joint tenancy. The petition contained the following statement as to the purpose of appellant in seeking the determination: "That in order for your petitioner to be able to efficiently administer the estate of the decedent, it is necessary that a judicial determination be made that said property was community property and therefore subject to administration herein; that no other or different procedure is provided by statute for the determination of such issue."

In the same petition, the executrix also sought authority to comply with the terms of an option agreement made by decedent to sell a parcel of the real property for $450,000, which option was exercised after the death, and to convey the parcel of real property to the holder of the option. A copy of the option agreement and of the amendment thereto were attached to the petition and disclosed that each was signed by both the decedent and the petitioner.

The inventory and statement of assets in the estate, as shown

by the copy thereof attached to the petition, had the prefatory statement that "All the property listed herein was community property of decedent and spouse." The affidavit of the appellant in that document was dated January 14, 1958. The property therein listed was appraised by the inheritance tax appraiser as having a total value of $962,613.84.

After the required posting of notice of the hearing, the matter was heard by the court, in the probate department thereof, on June 24, 1958. No one appeared in opposition to the petition. The petitioner, appellant herein, testified that she and the decedent came to California shortly after their marriage in Iowa on December 17, 1913, that her husband acquired no part of the property by gift or inheritance but that said property was acquired during the period of the marriage as the result of their joint savings and efforts, and that, although title was taken in the form of joint tenancy, it was intended by both to be community property. She further testified that they attended a class on California law and discussed the fact that their property was community property before they made their wills. The daughter of the petitioner and of the decedent gave evidence of a discussion between her father and mother, prior to the execution of the wills, in which they referred to the property as community property.

The minute entry of July 1, 1958, shows that, after submission of the matter, the court reached the conclusion that authority should be granted to complete the sale of the real property under the agreement but that no determination should be made as to whether the inventoried assets constituted community property. Pursuant to direction of the court, a formal order was prepared by counsel for petitioner. That order, which was made on July 1, 1958, authorized the appellant to execute as executrix a deed "conveying all right, title and interest of the estate in and to the real property" which was the subject of the option agreement. Said deed was to be delivered to the purchaser upon payment by him to the executrix of a certain amount of cash and the delivery to the executrix of a promissory note, secured by a first trust deed, in favor of the estate. However, no finding of fact or determination with respect to the character of the interest of the petitioner and the decedent in the real and personal property was made. Of this failure, appellant here complains.

The court had jurisdiction to pass upon the question of whether the property, held in the form of joint tenancy, was community property pursuant to the petition for instructions

filed by appellant under the provisions of section 588 of the Probate Code.[1] (*Estate of Howe*, 31 Cal.2d 395 [189 P.2d 5] ; cf. *Estate of Hartnett*, 155 Cal.App.2d 280 [318 P.2d 81] ; *Central Bank* v. *Superior Court*, 45 Cal.2d 10 [285 P.2d 906].) Since the court did exercise its jurisdiction and did hear the matter but refused to make the order sought, an appeal is proper. (Prob. Code, § 1240; *Lissner* v. *Superior Court*, 23 Cal.2d 711 [146 P.2d 232] ; cf. *Estate of Hartnett, supra.*)

It is to be noted that section 588 of the Probate Code provides that "the court on petition of the executor or administrator may from time to time instruct and direct him as to the administration of the estate and the disposition, management, operation, care, protection or preservation of the estate or any property thereof." ■■ As to the action of the court, the word "may" is used, whereas with respect to the giving of notice of the hearing of such petition the section provides that such notice "shall" be given as required by section 1200 of the same code. The use of such language leads to the conclusion that the exercise by the court of such power to instruct is permissive rather than mandatory. (See *Estate of Ledbetter*, 50 Cal.2d 283, 287 [324 P.2d 884] ; *National Automobile & Casualty Ins. Co.* v. *Garrison*, 76 Cal.App.2d 415, 417 [173 P.2d 67].) ■■ In view of the varied nature of the matters which may be freely brought before the probate court by the use of a petition for instructions, the action of the court with respect thereto should be upheld in the absence of an abuse of discretion. (*Estate of Sidebotham*, 138 Cal.App.2d 412 [291 P.2d 965].)

■■ In the matter now before the court, the purpose of the executrix in seeking a determination that the property, real and personal, was community property was stated in general terms. No statement was made and no evidence was offered as to any particular situation which made necessary such determination as of the time it was sought. In submitting the inventory of assets some four months before the petition for instructions, the appellant took the firm position that "All the property listed herein was community property of decedent and spouse." No evidence of difficulty of administra-

[1]Section 588 of the Probate Code provides: "In all cases where no other or no different procedure is provided by statute, the court on petition of the executor or administrator may from time to time instruct and direct him as to the administration of the estate and the disposition, management, operation, care, protection or preservation of the estate or any property thereof. Notice of the hearing of such petition shall be given for the period and in the manner required by section 1200 of this code."

tion in the period preceding the petition for instructions was produced. In the reply brief of appellant, it is stated that: "The executor would not know whether to include the value of the property for the purpose of computing attorney fees or executor fees in the final accounting nor would the executor know whether to pray for distribution of the property in the petition for decree of distribution." Clearly, determination of the community character of the property could be deferred by the court, in the exercise of a sound discretion, until such problems were squarely before it. (*Cf. Estate of Hartnett, supra; Estate of Walsh,* 66 Cal.App.2d 704 [152 P.2d 750].) This was true particularly in this matter where no contest as to the character of the property was presented when such petition for instructions came on to be heard. The prudent caution of the probate court finds further support when consideration is given to the statement found in appellant's opening brief that: "Apparently for policy reasons the court was disposed to fail to find on and adjudge a material issue, presumably on the theory that tax implications might follow from its decision . . . While it is true that the nature of property ownership may, under certain circumstances, have possible future tax consequences to the recipient of the estate, this hardly warrants judicial refusal to determine issues properly before it." In *Estate of Caswell,* 152 Cal.App.2d 195 [312 P.2d 703], in which the Supreme Court denied a hearing, the state controller appealed from an order fixing the inheritance taxes due by reason of the death of Wallace Caswell. Caswell died intestate and his surviving wife was appointed administratrix of his estate. She inventoried, as property subject to probate, all property which stood in her husband's name at the time of his death. Thereafter she filed a petition in the probate proceedings seeking a determination that the property so inventoried was community property. Notice as required by section 1200 of the Probate Code was given. The matter was heard and the court made its order determining the property to be community property. After that order had become final, the inheritance tax appraiser filed a report in which he treated the inventoried property as having been the separate property of the decedent. The lower court considered the order as being res judicata insofar as the state was concerned and ruled that the tax had to be adjusted in accordance with its determination of the community character of the inventoried property. Upon the authority of *Estate of Radovich,* 48 Cal.2d 116 [308 P.2d 14], the trial court's order

was affirmed. The court in *Estate of Caswell* treated the prior proceeding as one under section 1080 of the Probate Code. But it is established that a petition under section 588 of the Probate Code may be used to obtain an adjudication in regard to the ownership of property as between an executrix and the estate she is administering. (*Estate of Howe,* 31 Cal.2d 395 [189 P.2d 5].) In the case at bar, in view of the consequences implicit in a determination of the character of the inventoried assets at the stage of the proceedings at which it was sought, and in view of the failure of the appellant to show a substantial purpose to be then served by such determination, it cannot be said that the court abused its discretion.

The order is affirmed.

Shinn, P. J., and Vallée, J., concurred.