[Civ. No. 27060. Second Dist., Div. Four. Aug. 2, 1963.]

Estate of GEORGE C. BRISSEL, Deceased. EWING M. LINGLE, Claimant and Appellant, v. THE NATIONAL FOUNDATION, Claimant and Respondent.

Church & Howard and Charles F. Howard for Claimant and Appellant.

Gibson, Dunn & Crutcher and Guy K. Claire for Claimant and Respondent.

KINGSLEY This is an appeal from a judgment of the probate court in a proceeding to determine heirship pursuant to section 1080 of the Probate Code. Motion to dismiss appeal on ground that decree was nonappealable, denied.

George C. Brissel died testate on December 13, 1961, leaving a will dated April 7, 1961, which was duly admitted to probate on January 15, 1962.

By the terms of paragraph Sixth of decedent's will, he left certain real property in trust, naming five purported charitable organizations or institutions as beneficiaries sub-

ject to two life estates. By the terms of paragraph Seventh of the will, decedent left the residue of his estate to the same five named charitable organizations or institutions. And by the terms of paragraph Eighth the decedent directed that, in the event of failure of any of the charitable gifts, in whole or in part, such gift was to go to Ewing Lingle, the appellant herein.

On June 28, 1962, pursuant to section 1080 of the Probate Code, the executor filed his petition to determine interests in the estate. Although the prayer of the petition sought a determination of *all* interests in the estate, the allegations of the petition and of the statements of interest filed by appellant and respondent, raised only an issue as to the one-fifth share devised to "Infantile Paralyses Hospital of Los Angeles, California." A claim of interest was also filed by the American Cancer Society, claiming the one-fifth interest devised to it. No contest as to that claim was made by appellant. No other claim of interest was filed and no person other than the executor, appellant and respondent appeared at the hearing on the matter.

Upon conclusion of the hearing on the petition, the trial court found in favor of the claim of the American Cancer Society and in favor of the claim of respondent National Foundation, finding as to the latter that it was the beneficiary intended by the designation of "Infantile Paralyses Hospital." The findings of fact, after setting forth essential jurisdictional findings and those above referred to, continued: "That the court reserves jurisdiction to determine the identity and share of all other beneficiaries until hearing on petition for distribution or upon hearing of a *subsequent petition* to determine heirship or in other appropriate proceedings." (Italics added.)

The decree determining interest in estate concluded: "IT IS FURTHER ORDERED that jurisdiction to determine the identity and share of *all other* beneficiaries is reserved until further proceedings in the above-entitled estate." (Italics added.)

It is to be noted that neither in the findings of fact, conclusions of law or decree is any reference whatever made to the remaining three-fifths interest in the remainder of the trust referred to nor is any order made declaring or determining the rights of any persons as to any other interests in the estate.

Ewing M. Lingle is appealing from that part of the decree finding that The National Foundation was the intended bene-

ficiary designated as the Infantile Paralyses Hospital of Los Angeles, California. The National Foundation has moved to dismiss the appeal, on the ground that it is premature. Respondent argues that the decree determining interest in estate is no more than an interlocutory decree because the court reserved jurisdiction to determine the identity and share of all other beneficiaries in further proceedings, and, as such, the decree is non-appealable.

Code of Civil Procedure, section 1048 provides: ''An action may be severed and actions may be consolidated, in the discretion of the court, whenever it can be done *without prejudice to a substantial right*. (Italics added.)

And section 579 of the same code states: ''In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, *whenever a several judgment is proper*.'' (Italics added.)

The same rule has been applied in probate proceedings under section 1080. In *Estate of Nuttle* (1934) 3 Cal.App.2d 415, 418-419 [39 P.2d 475], the court said: ''Appellants contend that the court did not by its order determine the rights of Leota Babcock, or of any of the legatees or devisees under the will other than respondent Juana M. Wood, and this is true, except to deny any other right than respondent's in the $22,000 worth of bonds. We do not feel, however, that this or other claimed deficiencies in the order furnish ground for reversal, *since the way is still open to any interested party to file another petition to determine heirship and to specify interests not heretofore passed upon*.'' (Italics added.)

In the instant case, the decree appealed from has determined the rights to a severable portion of the estate as between appellant and respondent. No action that can be taken with respect to the rights of the three named charitable beneficiaries who did not appear as to the three severable one-fifth interests devised to them or with respect to the other legatees and devisees can in any way affect the rights of the parties to this appeal as to the severable one-fifth herein involved, nor the rights of the American Cancer Society to the remaining one-fifth. We can see no policy reason why the present dispute, involving only the parties presently before us, should have to await the determination of claims to other portions of the estate—claims as to which there does not now appear to be any issue or dispute. In fact, we

think it to be a sounder rule to allow the parties interested only in a severable portion of an estate to litigate their claims as to it, and thus be in a position at a later date to request a partial distribution of that asset, without waiting for rights in other assets, depending on other facts and issues, to be litigated.

However, the moving party cites and relies on the decision in *Bodine* v. *Superior Court* (1962) 209 Cal.App.2d 354 [26 Cal.Rptr. 260], decided after the entry of the decree herein involved. In that case, the court expressed its "disapproval" of the language in *Estate of Nuttle* which is emphasized in our quotation from the opinion, *supra*. ■ A petition for hearing in the Supreme Court was denied in the *Nuttle* case; and it is well settled that "when the precise question of law has been decided by a District Court of Appeal and the Supreme Court has denied a hearing, such decision will be followed as settling the law in the absence of a later decision of the Supreme Court overruling or modifying the prior case." (*Housing Authority* v. *Peters* (1953) 120 Cal.App.2d 615, 616 [261 P.2d 561].) In the light of this rule, we do not regard *Bodine* as intending to do more than to disapprove any implications from *Nuttle* insofar as applicable to the quite different facts involved in the *Bodine* case.

In *Bodine,* the trial court had before it a petition which involved the entire probate estate. It had taken testimony as to one set of claimants and as to part of a second group. It had then entered what it denominated an "Interlocutory" decree, in which it set forth its conclusions as to the first set of claimants and continued the petition before it for further hearing at a later fixed date. Under these circumstances, the appellate court properly ruled that the petition had not been finally determined and that the continued hearing must be before the same judge and in the same manner (i.e., without a jury) as in the first hearing. In none of the cases cited by the court in *Bodine,* and relied on by it as a basis for its disapproval of the indicated language of *Nuttle,* was there a situation comparable to the one before us. In *Estate of Wise* (1949) 34 Cal.2d 376 [210 P.2d 497], the petition to determine heirship related to the entire estate; the holding was that a claimant who had not filed her claim as one of the heirs could not file a second petition, her rights having been directly in issue in the first petition. In *Estate of Radovich* (1957) 48 Cal.2d 116 [308 P.2d 14] again the petition to determine heirship related to the entire

estate; the holding was that the determination there made as to the relationship of a claimant to decedent bound the state controller in a subsequent proceeding to fix inheritance taxes. In *Estate of Winnie* (1959) 175 Cal.App.2d 698 [346 P.2d 856], the decree had dealt with the entire estate; the holding was that the implied finding that the estate was all community property could not thereafter be disregarded.[1] In *Bodine,* as we have pointed out, the continuance was to permit further testimony as to the membership in a group of heirs (the heirs of decedent's predeceased spouse) as to which group some testimony had already been received. It is, of course, true that in all of these cases there appears language (some of which is quoted in the *Bodine* opinion) to the effect that proceedings in probate, including proceedings under section 1080 and its predecessor section, are "in rem" and that an "in rem" proceeding is indivisible. But, as we have pointed out, none of them hold that the "res" in a section 1080 proceeding must, necessarily, be the entire estate; the only case in which a severable interest had been the subject of such a proceeding—*Nuttle*—holds that such an interest may be a sufficient res. Under these circumstances, we do not regard the language in *Bodine* as requiring us to disregard the square holding in *Nuttle,* which decision clearly approves the exact action taken by the trial court here. We hold that the decree herein involved was final as to the interests therein determined and can be the subject of an immediate appeal.

The motion to dismiss the appeal is denied; each party shall bear its own costs in this court in connection with the motion.

Burke, P. J., and Jefferson, J., concurred.

---

[1]The other cases cited (*In re Burton* (1892) 93 Cal. 459 [29 P. 36]; *Woods* v. *Security-First Nat. Bank* (1956) 46 Cal.2d 697 [299 P.2d 657]; *Bales* v. *Superior Court* (1942) 21 Cal.2d 17 [129 P.2d 685]; *Estate of Caswell* (1957) 152 Cal.App.2d 195 [312 P.2d 703]; *Stevens* v. *Torregano* (1961) 192 Cal.App.2d 105 [13 Cal.Rptr. 604]; *Blythe* v. *Ayres* (1894) 102 Cal. 254 [36 P. 522]) either are cases in which the entire indivisible estate was in issue, or involve factual situations totally different from the one before us.