66 Cal.2d 142 (1967)
424 P.2d 337
56 Cal. Rptr. 897
Estate of BELLE CLARKE, Deceased.
JUANITA C. GARDNER, as Executrix, etc., Petitioner and Respondent,
v.
ALAN CRANSTON, as State Controller, etc., Objector and Appellant.
Docket No. Sac. 7751.
Supreme Court of California. In Bank.
March 10, 1967.
*143 J.D. Lear and Roy Gill for Objector and Appellant.
Francis T. Cornish for Petitioner and Respondent.
PETERS, J.
This is an appeal by the Controller of the State of California from an order fixing inheritance tax. He urges that the case of Estate of Radovich, 48 Cal.2d 116 [308 P.2d 14], should be overruled.
The case is submitted on an agreed statement of facts.
Belle Clarke, the decedent, left a will devising all of her property to Juanita C. Gardner, her executrix and daughter, except for specific devises of $3,000 for each of her two grandchildren. The estate contains ample assets, in addition to those claimed by the executrix personally, to pay the specific devises.
A claim by the executrix for $27,000 was allowed in the probate proceeding after a hearing on the ground that she expended more than that amount upon improvements to real property owned by the decedent, that the improvements were made pursuant to an oral agreement of reimbursement, and that decedent did not during her lifetime repay the executrix for such expenditures.
After a hearing the probate court also entered a decree establishing that the decedent at her death held certain properties appraised at $94,397.58 in trust for the executrix. The basis of the finding of the trust was the distribution of the estate of C.C. Clarke, the executrix' father and husband of the decedent herein. The decree of distribution in that estate purported to distribute to his daughter one-fourth of his community property and one-half of his separate property. The daughter, however, did not receive any of the estate; her mother kept all of the property, although recognizing the daughter's interest by acquiring title to the property in joint tenancy with her.
Notices of hearing of the petition to establish the trust and of the creditor's claim were given in accordance with section 1200 of the Probate Code, and the duly appointed inheritance tax appraiser was notified of the hearing by letter. The petition pointed out that the estate contained ample assets to pay the specific legacies and that, if the court granted the relief sought, "it will affect no one other than the agencies authorized to collect state inheritance tax and federal estate tax."
After the court entered its decree establishing the trust and its order approving the claim of the executrix, the inheritance *144 tax appraiser filed an amended inventory and appraisement and his report in which he listed as deductions $94,397.58 for the trust and $27,000 for the claim. The Controller filed objections to the report, stating that the decedent did not hold any property in trust for the executrix, that by reason of offsetting claims the decedent was not indebted to the executrix, and that the amount of the inheritance tax should be increased by $10,239.06. The probate court held that its decree establishing the trust and its order approving the claim of the executrix were res judicata and overruled the objections to the appraiser's report. The court fixed the inheritance tax in accordance with the report, and this appeal followed.
In Estate of Radovich, supra, 48 Cal.2d 116, Jack Radovich died intestate leaving blood relatives in Yugoslavia. Nineteen years prior to his death, he entered into an agreement with George's parents whereby George was to live with him and he would consider George his son and would adopt him. Although George lived with him, changed his name to Radovich, and was acknowledged publicly as a son and heir, he was never formally adopted. After a hearing to determine heirship, the court concluded that George occupied the equitable status of an adopted son and by reason thereof was entitled to distribution of the entire estate of the decedent.[1] After a hearing on the appraiser's report and objections to it, the court concluded that George as an adopted child was a Class A transferee rather than a Class D transferee (stranger), and that he was entitled to the exemption and the tax rate applicable to Class A transferees.
In affirming the judgment, the majority of the court reasoned that the jurisdiction of the probate court is a jurisdiction in rem; that the decree in the heirship proceeding is not one in personam in favor of one of the parties and against another but is binding on all persons claiming as heirs whether or not they are named in the complaint or personally served with summons; that by giving notice as prescribed by statute, the probate court acquires jurisdiction over all persons to determine their rights to any portions of the estate, including creditors, devisees, legatees, "`and all the world'"; that subdivision 1 of section 1908 of the Code of Civil Procedure provides that orders in respect to the probate of a will or administration of an estate are conclusive upon the title to the thing, *145 the will, or administration; that the tax imposed by the Inheritance Tax Law is on the right to succeed to the property of the estate, rather than upon the property itself; and that since George succeeded to the decedent's estate only by reason of the adjudication of his status as an adopted son and heir, the Controller could not claim that he inherited as a stranger whether or not the adjudication was correct. (Estate of Radovich, supra, 48 Cal.2d at pp. 120-122.)
The court also rejected the Controller's contention that, since he could not appear in the heirship proceeding (Prob. Code, § 1080 et seq.), he should not be bound by the probate court's adjudication of George's right to inherit. The court reasoned that George was not a grantee, donee, vendee, assignee, or beneficiary of the decedent; that only an heir may inherit; and that in view of the probate decree George inherited as an adopted child which means he was a Class A transferee and could not consistently be classified as a Class D transferee. (48 Cal.2d at pp. 122-123.)
The court also pointed out that somewhat similar decrees had been held binding upon the state in other cases and that a decree of a California court of general jurisdiction had been held binding on the Commissioner of Internal Revenue as to a determination respecting community property in Brooks v. United States, 84 F. Supp. 622. Finally it was observed that a cardinal purpose of the Inheritance Tax Law was to coordinate its assessment as closely as possible with the substantive probate regarding the distribution of the decedent's estate. (48 Cal.2d at pp. 123-124.)
A dissent was filed in the Radovich case, supra (48 Cal.2d at p. 124), but did not challenge the holding of the majority that the decree in the heirship proceeding was conclusive as to who should take and the grounds for inheritance. Its position was that the decree in the heirship proceeding established facts leading to the conclusion that George was a Class D transferee and not Class A. Thus, as to the question whether the probate decree was to be given binding effect in determining the inheritance tax, the dissent and the majority were in substantial agreement.
Radovich was followed in Estate of Caswell, 152 Cal. App.2d 195, 196-197 [312 P.2d 703]. (See Estate of Hanson, 179 Cal. App.2d 32, 33-34 [3 Cal. Rptr. 482].)
The Controller urges that Radovich should be reconsidered and disapproved because a litigant who has no opportunity to *146 appear in a proceeding[2] should not be bound by an in rem judgment, and because the law places the state in a more favorable position than private litigants where the binding effect of an in rem judgment is in question. Both of these arguments, however, were rejected by the court in Radovich, and the Controller has not cited any new reasons why the rules announced therein relating to the binding effect of an in rem judgment, or the well-established rule that our inheritance tax is on the right to succeed to the property of the estate and not upon the property itself, should be changed. In this latter connection it bears emphasis that since the tax is a transfer tax (e.g., Cohn v. Cohn, 20 Cal.2d 65, 68 [123 P.2d 833]; Estate of Letchworth, 201 Cal. 1, 5 [255 P. 195]), the essential question is not who theoretically should have received the beneficial use of the property but who actually obtained the property. Where the probate court has finally determined that a creditor, an heir, or legatee is entitled to property of the estate to the exclusion of other parties, it would be anomalous to hold that the Controller may urge that the other parties should have prevailed and charge the tax on that basis.
Federal courts, in accordance with Radovich, have held that ordinarily the taxing authorities will be precluded from relitigating the matters established by decree in an in rem proceeding with regard to status of a person or property. (E.g., Blair v. Commissioner of Internal Revenue, 300 U.S. 5, 9-10 [81 L.Ed. 465, 57 S.Ct. 330]; Flitcroft v. Commissioner of Internal Revenue, 328 F.2d 449, 453 et seq.; Gallagher v. Smith, 223 F.2d 218, 222 et seq.)
The Legislature has not rejected the general rule established by Radovich, and whether that rule be viewed as an application of principles of res judicata, a determination of what constitutes a transfer within our Inheritance Tax Law, a policy *147 determination in furtherance of the coordination of that law and the substantive probate, or all three, we are satisfied that Radovich should not be disapproved.
However, this conclusion is not dispositive of the instant case. The federal courts, while recognizing the general rule precluding relitigation, have established an exception where the in rem proceeding with respect to status of a person or property is collusive or ex parte, does not adversely affect the economic interests of a party or any potential party to the proceeding, and is obtained for the sole purpose of defeating a tax. (See, e.g., Pierpont v. Commissioner of Internal Revenue, 336 F.2d 277, 281 et seq.; Flitcroft v. Commissioner of Internal Revenue, supra, 328 F.2d 449, 453 et seq.; Gallagher v. Smith, supra, 223 F.2d 218, 222 et seq.; Newman v. Commissioner of Internal Revenue, 222 F.2d 131, 136; Stephens and Freeland, The Role of Local Law and Local Adjudications in Federal Tax Controversies, 46 Minn.L.Rev. 223, 234 et seq.; Braverman and Gerson, The Conclusiveness of State Court Decrees in Federal Tax Litigation, 17 Tax L.Rev. 545, 547 et seq.)[3]
If such an exception were not made, the general rule precluding relitigation could be used as a device to fraudulently evade taxes, and the necessity of fair administration of the tax laws, where the above factors are present, takes precedence over the policy against relitigation.
[1] Under the agreed statement of facts in the instant case it is clear that each of the factors which bring the case within the exception are present. The proceeding was ex parte; the only person whose economic interests were affected was the executrix; and her petition to the probate court pointed out that the only parties affected were tax agencies. Under these circumstances it was error for the court to overrule the objections to the appraiser's report without a hearing.
The executrix has offered to stipulate to augmentation of the record by inclusion of the transcript of the oral proceedings in the probate court, claiming that the transcript will show that the proceedings were regular. [2] The determination whether the creditor's claim and the trust upheld by the probate court are valid is to be made by that court after a *148 hearing at which the Controller is permitted to present evidence. [3] A showing that there was proper evidence before the probate court to show the validity of the claim and trust would not prevent reversal here. Such evidence was not considered by the probate court in overruling the Controller's objections, and, although it may warrant rejection of those objections after a hearing in which the Controller is permitted to present evidence, no useful purpose would be served by augmenting the record.
The judgment is reversed.
Traynor, C.J., McComb, J., Tobriner, J., Mosk, J., Burke, J., and Peek, J.,[*] concurred.
Respondent's petition for a rehearing was denied April 5, 1967.
NOTES
[1] George agreed in writing to transfer and assign $55,000 of the estate to the blood relatives in Yugoslavia.
[2] The executrix herein has urged that the state may appear in the probate proceedings to determine the creditor's claim and the trust issue, and that the Controller's failure to so appear and contest precludes him from contesting in subsequent tax proceedings the decrees rendered in the prior proceedings. However, in Estate of Radovich, supra (48 Cal.2d at p. 122), the court held that the Controller had no right to appear in the heirship proceeding, and no statute has been cited changing this rule or providing that the Controller's interest in collecting taxes would warrant his appearing in favor of one claimant and against another in proceedings to determine claims to the property in the estate. Not only is it undesirable to permit the Controller to aid claimants to the estate but also, as the Controller points out, an intolerable burden would be imposed upon the Controller if to protect the state's tax interest he were required to appear in each of the numerous proceedings in a probate which might affect the amount of tax.
[3] These authorities indicate that the federal cases are not in agreement as to whether all of the above factors are essential to bring a case within the exception. In the instant case, however, all factors are present, so that it is unnecessary to determine whether the same rule would be applicable if one or two were absent.
[*] Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.