[Civ. No. 10643. Fourth Dist., Div. One. June 1, 1971.]

Estate of TIRZAH B. DENTON, Deceased.
SOUTHERN CALIFORNIA FIRST NATIONAL BANK,
as Executor, etc., Petitioner and Appellant, v.
ROBERT DENTON, Objector and Respondent.

COUNSEL

Stanford & McDonough and Joseph P. McDonough for Petitioner and Appellant.

John N. Frolich for Objector and Respondent.

OPINION

AULT, J.—Southern California First National Bank (the Bank), executor of the estate of Tirzah B. Denton, appeals from an order of the probate court denying its petition for instructions for authority to file a lawsuit to recover estate assets.

On October 21, 1968, Tirzah B. Denton executed her last will, which left the residue of her estate in trust, with income for life to her son Robert Denton, and on his death, the remainder to be divided equally between her two granddaughters, Merilyn Denton Brisson (Robert's daughter) and Darlene Denton Russell (the daughter of her predeceased son Kenneth). The will contained a standard no-contest clause. The Bank was named as both executor and trustee.

When Tirzah Denton died approximately eight months later, on July 16, 1969, she left only some clothing, jewelry and paintings. On the other

hand, Robert held in his name property worth approximately $250,000 which had formerly belonged to his mother.

The Bank offered the original will for probate, alleging in its petition Tirzah Denton died a resident of San Diego County and, on information and belief, she left both real and personal property in the county. The will was admitted to probate, and letters testamentary were issued to the Bank.

Following discovery proceedings during which Robert Denton was questioned about his mother's property, Robert submitted documentary evidence to the court.[1]

The executor next filed "Petition for Instructions for Authority to File Law Suit" alleging it believed meritorious causes of action existed in favor of the estate and against Robert Denton on various theories, including quiet title, declaratory relief, accounting and cancellation of deeds on the grounds of undue influence and fraud.

Robert filed objections to the Bank's petition, charging the Bank, its attorneys and his daughter Merilyn Brisson were co-conspirators in a plot to use a revoked will to harass him into making a settlement with Merilyn. He alleged the estate was insolvent and the co-conspirators planned to finance a vexatious lawsuit from assets which rightfully belonged to him. He also filed a petition for revocation of probate of purported will, alleging Tirzah Denton had revoked the will in his presence. (Examination of the superior court file reveals this action has come to trial and the court granted a nonsuit. Denton has filed notice of appeal from the decree of dismissal which followed.)

The executor and Robert Denton both filed points and authorities directed primarily to arguing the merits of the proposed lawsuit. After a hearing in which both oral and documentary evidence was introduced, the court denied the petition for instructions to file the lawsuit.

---

[1]This consisted of copies of:

1. His interlocutory decree of divorce (together with findings and conclusions) signed by a Los Angeles court two days before Tirzah Denton died, showing Robert and his wife Ruth held certain stocks in their names for the benefit of Tirzah Denton; the decree ordered both parties to transfer legal title back to her.

2. A management agreement, dated August 29, 1968, under which Robert was to apply rentals from his mother's property to expenses and then periodically pay the balance to her.

3. A stipulation for entry of judgment, signed on March 24, 1969, by Tirzah Denton, Robert Denton, and others, with the approval of their respective attorneys.

## Arguments on Appeal

*Appellant contends:*

1. The court abused its discretion by refusing to grant authority to file the lawsuit against Robert Denton.

2. Respondent Robert Denton had no standing to object to the petition, being not only the prospective defendant but also a will contestant, when the will contained a no-contest clause.

3. The order appealed from factually disposed of the proposed lawsuit without the filing of any pleading, and makes the executor-Bank proceed at its peril.

*Respondent contends:*

1. The giving of instructions under Probate Code section 588 is not mandatory but permissive only, and there has been no abuse of discretion.

2. The no-contest clause does not affect his standing to object, for he is not challenging the will itself but only seeking a determination whether or not the decedent revoked it.

3. The probate court has no jurisdiction, because there is no "estate."

4. The appeal is moot because of the filing of action No. 319210 by Merilyn Brisson, seeking the same relief appellant asked for under its section 588 petition.

## Alleged Abuse of Discretion

The only substantial question presented by the appeal is whether the probate court's denial of the petition for instructions for authority to file a lawsuit was an abuse of discretion. Probate Code section 588 reads: "In all cases *where no other or no different procedure is provided by statute,* the court on petition of the executor or administrator *may* from time to time instruct and direct him as to the administration of the estate and the disposition, management, operation, care, protection or preservation of the estate or any property thereof. Notice of the hearing of such petition shall be given for the period and in the manner required by section 1200 of this code." (Italics added.)

The language of the section itself indicates the exercise of the power to instruct by the court is permissive and not mandatory, and it has always been so interpreted. (*Estate of Sidebotham,* 138 Cal.App.2d 412, 418 [291 P.2d 965]; *Estate of Putnam,* 175 Cal.App.2d 781, 784 [346 P.2d

341].) "In view of the varied nature of the matters which may be freely brought before the probate court by the use of a petition for instructions, the action of the court with respect thereto should be upheld in the absence of an abuse of discretion." (*Estate of Putnam,* 175 Cal.App.2d 781, 784 [346 P.2d 841].)

■ The personal representative has not only the power but the duty to sue to set aside a conveyance or transfer of property obtained from a decedent by fraud or undue influence. (*Lewis* v. *Beeks,* 88 Cal.App.2d 511, 519 [199 P.2d 413]; *Triplett* v. *Williams,* 269 Cal.App.2d 135, 137 [74 Cal.Rptr. 594].) Previously such actions were specifically authorized by and against executors by Probate Code section 573. In 1961, that section was completely rewritten and is now a general survival statute. The effect of the 1961 amendment was to broaden rather than restrict the right to sue for violation of a decedent's property rights. (*Poon* v. *Poon,* 244 Cal.App.2d 746, 753 [53 Cal.Rptr. 365].)

No case has been cited, and we have found none, where an appellate court has considered a petition for instructions by an administrator or executor for authority to initiate litigation. However, a similar question was presented in *Estate of Sidebotham, supra,* 138 Cal.App.2d 412. There the public administrator petitioned for authority to use estate funds for costs and attorneys' fees to defend against litigation in which it was asserted all of the estate assets were trust funds belonging to others. The trial court instructed the administrator not to disburse any of the estate funds in defense of the action. The appellate court reversed. Except in those situations where no defense to the existence or imposition of a trust could be asserted in good faith, the court pointed out it was the duty of the administrator to defend against a claim the funds found in decedent's hands were trust funds. Therefore, it was error to deprive the administrator of the use of the funds in the estate to defend against the suit instituted against him. (P. 417.) But the court refused the administrator's request to direct the trial court to exercise its discretion and specifically authorized expenditures in advance. On this point, it stated at page 418: "Appellant has not cited us any authority for his contention that we should direct the probate court to exercise its discretion in authorizing proper expenditures in advance. The giving of instructions under section 588 of the Probate Code is permissive only. In *In re Pearsons,* 98 Cal. 603, 610 [33 P. 451], it was said: 'It may have been prudent for the executor to seek in advance instruction upon his duties in these respects, but the court was at liberty to give it or not, and the exercise of its discretion in declining to give it, is not subject to review or comment.' In our case the court below has before authorized expenditures in advance and has now made a too stringent order forbidding such expenditures. Whether it wishes also further to decide

in advance which expenditures will be proper and which not, or whether it prefers to have appellant act on his own conviction as to what is proper and review his action afterwards, is also a matter of said court's discretion." (*Estate of Sidebotham,* 138 Cal.App.2d 412, 418.)

The reasoning of the court in *Sidebotham* is equally applicable here. Whether the court wished to decide in advance the suit proposed by the executor was proper, or whether it preferred to have the executor act upon its own convictions, and review the matter afterward, was well within its sound discretion. Certainly the court's refusal to instruct the executor to proceed with a matter it was under a duty to undertake, if it was acting in good faith, was not an abuse of discretion.

Perhaps the wording of the court's order was unfortunate. After reciting "evidence both oral and documentary having been introduced," the order bluntly denies the petition without explanation. In this form, it might be interpreted as a disapproval of the proposed lawsuit.[2] We do not interpret it in that manner. In denying the petition for instructions, the probate court was neither approving nor disapproving the proposed lawsuit. It was exercising its discretion to reserve judgment until a later time. Had the evidence at the hearing convinced the court the proposed lawsuit was without merit and not suggested in good faith, its duty would have been to prohibit the executor from proceeding with it. No such prohibition appears in the order.

### ALLEGED LACK OF JURISDICTION

Respondent's contention the probate court lacks jurisdiction over the entire probate proceedings because the decedent left no property is without merit. In his petition to revoke probate, respondent himself alleges the decedent died a resident of San Diego County and left personal property therein. The amount and value of the estate are not jurisdictional facts. Even a mere equitable claim is a sufficient "estate" to vest the probate court with jurisdiction to grant letters of administration. (*Estate of Rees,* 60 Cal. App. 92, 95 [212 P. 234]; *Estate of Daughaday,* 168 Cal. 63, 70 [141 P. 929]; *Estate of Waits,* 23 Cal.2d 676, 678 [146 P.2d 5].) The cases which respondent cites in support of his contention all deal with the appointment

---

[2]In his brief respondent discusses and attaches a copy of a complaint filed by his daughter Merilyn pending the appeal in which she seeks basically the same relief as was the subject of the executor's proposed lawsuit. It is respondent's position that suit should be dismissed because the executor is an indispensable party and does not appear. While properly before us on the appeal only on the issue of mootness, these matters have peripheral significance. They negate respondent's contention the lawsuit makes this appeal moot and give us some understanding of the executor-Bank's plight. Caught in this cross-fire, we can readily understand why it is skittish. If it acts, respondent charges conspiracy; if it fails to act, Merilyn's rights may be forever foreclosed.

of an administrator for a *nonresident* decedent and are not applicable. (See *Estate of Daughaday, supra,* 168 Cal. 63, 67.)

### RESPONDENT'S STANDING TO OBJECT

■ The only merit in the contention respondent was without standing to object to the petition for instructions because he was the potential defendant in the proposed lawsuit is its novelty. Probate Code section 588 requires the executor to give notice of filing a petition for instructions in accordance with Probate Code section 1200. The purpose of notice is to give those affected by the petition an opportunity to be heard. Standing to object is achieved by coming within the provisions of section 1200. Certainly it is not defeated merely because the person before the court is adversely affected by the petition. We would expect most persons who file objections to be in this category. Respondent was a beneficiary under the will and had filed a request for special notice pursuant to Probate Code section 1202. The court might well take into account his dual role as beneficiary and potential defendant in evaluating his objection to the petition, but the fact he was the potential defendant in the proposed lawsuit did not deprive him of standing to be heard in opposition to the petition.

■ We likewise reject the contention respondent was without standing to object because he filed a petition to revoke the probate of the will in alleged violation of its no-contest clause. This contention was not presented to the probate court and nothing in the record before us indicates that court has made such a ruling on the merits. It may well be the probate court, when and if asked to rule on the question, will decide respondent did not violate the no-contest clause by alleging and trying to prove the will had been revoked. It would be precipitant for this court to rule he has when the matter has not been presented to the court below. In any event, the question of respondent's standing to object to the petition for instructions is not crucial to this appeal. The probate court had discretion to deny the petition irrespective of whether it was opposed or not opposed.

The order is affirmed. Each side shall bear its own costs on appeal.

Brown (Gerald), P. J., and Coughlin, J., concurred.